## C. F. SIMONIN'S SONS, Inc., v. AMERICAN CAN CO.

No. 19948.

District Court, E. D. Pennsylvania.

Jan. 6, 1939.

George V. Strong, of Philadelphia, Pa., for plaintiff.

Samuel Scoville, Jr., and T. R. White, both of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

This is a suit at law begun, prior to the effective date of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, by the issuance of a writ of summons, without the filing of any statement of claim. This procedure was in conformity with Pennsylvania practice. The summons was in trespass, which merely showed a tort action of some kind.

Then the plaintiff, still before the effective date of the new Rules, filed a bill in equity that the suit was based upon rebates or allowances which the defendant was charged with having given to customers other than the plaintiff, in violation of the Clayton Act (38 Stat. 730) and the Robinson-Patman Act (15 U.S.C.A. § 13c). This Court dismissed the Bill.

Upon a motion by the plaintiff to file an amended bill, Judge Maris, in an opinion filed October 4, 1938, D.C., 24 F.Supp. 765, pointed out that new Rules 33 and 34 afforded facilities for discovery in the pending action, and refused the amendment because of the existence of that remedy. The plaintiff then served these interrogatories, to which the defendant has filed objections.

Judge Maris said in his opinion that the new Rules were expressly applicable to the pending action, "unless we should find their application to be unjust or not feasible."

Rule 3 provides, "A civil action is commenced by filing a complaint with the court." There is no provision for the commencement of an action by issuing a summons without filing any pleading, as under the Pennsylvania practice. Until a complaint has been filed no action has been commenced. Consequently, if the Rules apply there is no action between these parties pending in this Court.

Under the Rules, there may be discovery even though no action has been commenced (Rule 27), but by deposition, not interrogatories. It is plain that Rule 33 providing for interrogatories contemplates that they shall be addressed only to an adverse party in a pending action. The same is true of the procedure for production of documents, etc., under Rule 34.

It is not feasible to apply the Rules to an action, begun before their effective date, in which no complaint or any pleading of a similar nature has been filed with the Court, since to do so would automatically destroy the action. If the plaintiff wishes to invoke the new Rules he must

adjust himself to them. Here, he can make a situation to which they can be made applicable. All he need do is to file a complaint stating a cause of action. When he has done so, I see no reason why he may not present interrogatories.

The objections to the interrogatories are sustained. The plaintiff will be allowed ten days in which to file his complaint, if he so desires. If he does so, the defendant will be permitted to file any further and specific objections which he may have, and the matter may be again set down for argument. If the plaintiff fails to file his complaint, the interrogatories may be dismissed and stricken from the record.