### DIXON et al. v. SUNSHINE BUS LINES, Inc.
#### No. 44.

District Court, W. D. Louisiana, Monroe Division.

April 12, 1939.

G. Allen Kimball, of Monroe, La., for plaintiffs.

Thompson & Thompson (by M. C. Thompson), of Monroe, La., for defendant.

PORTERIE, District Judge.

Defendant moves to strike from the record the written interrogatories served on defendant's attorneys; the three reasons to support the motion are:

(a) Such questions are not permitted under Rule 33 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c;

(b) The matters and things inquired about are not relevant to the cause of action alleged upon or the defense thereto;

(c) The interrogatories do not seek to develop ultimate facts material to the issue, but seek merely evidentiary details.

The Court is of the opinion that Title V of the Rules, Depositions and Discovery, Nos. 26–37, has for its function the setting forth of the contentions of the parties in such a way as to fully disclose the nature and scope of the controversy. The present theory of our procedure is to change our former pleadings from the generalized type wherein merely ultimate

facts were stated and the items of evidence to support the alleged ultimate facts were omitted, to the present type as exemplified under the title of Depositions and Discovery, embracing not only the statement of ultimate fact but the additional privilege of compelling either or both parties to disclose before trial the detailed items of evidence. The emphasis is shifting from the form of the allegation to the character of the proof. The Court is of the opinion that the interrogatories propounded are permissible, not only under Rule 33 but under the general scope of the title; that the questions asked are relevant and material to the cause of action; and that facility in procuring evidentiary details, as sought, is the very purpose of the new code. See Nichols v. Sanborn Co., D.C., 24 F.Supp. 908.

Accordingly, the motion of defendant to strike from the record the written interrogatories is overruled and the defendant is hereby and herewith ordered to answer the interrogatories within fifteen (15) days hereof.