## C. F. SIMONIN'S SONS, Inc., v. AMERICAN CAN CO.

### No. 19948.

District Court, E. D. Pennsylvania.
Sept. 20, 1939.

George V. Strong, of Philadelphia, Pa., for plaintiff.

Samuel Scoville, Jr., and Thomas Raeburn White, both of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

This is a civil action for treble damages under the Sherman Anti-Trust Law and its amendments, 15 U.S.C.A. §§ 1–7, 15 note, the Clayton Act, and the Robinson-Patman Act, 15 U.S.C.A. §§ 13–13b, 21a, particularly Sec. 13 of the last named, which relates to discrimination in prices. The suit was begun under the old practice, but its early stages need not be detailed here. See opinions of this Court, 26 F. Supp. 420; 1 F.R.D. 134. Now before the Court are: the complaint, filed in conformity with the new Rules, the plaintiff's interrogatories, Rules of Civil Procedure for District Courts, rule 33, 28 U.S.C.A. following section 723c, and three motions by

the defendant—(1) a motion to dismiss the complaint upon the ground that it fails to state a claim upon which relief can be granted; (2) an alternative motion to require the plaintiff, if the complaint is not dismissed, to file a bill of particulars; and (3) objections to the interrogatories.

The two motions may be considered together, since the issue raised by each is a phase of the same larger problem—How far is discovery procedure available to a plaintiff who is without knowledge of evidentiary facts to support his pleaded cause of action?

The question is not new. It has always been troublesome and has produced a number of unsatisfactory decisions. With the new Rules it has taken on much greater importance, since discovery has a very close relation to the main objectives of the reformed procedure, and one of the things which must be determined is, to what extent the new Rules have removed the bars which the courts, under the old practice, set up in the way of a plaintiff who asked for discovery in order to find evidence without which he could not prove his case.

These limitations upon the right of discovery have by no means been grounded entirely on technicalities. Courts have always been keenly alive to the burdens, by way of expense, loss of time, and exposure of private business affairs, which discovery imposes upon anyone required to submit to it—burdens which have increased a hundred fold with the volume and complexity of modern business—and have fully appreciated the great wrong of subjecting an innocent defendant to them, merely to let a plaintiff who may think that he has been wronged learn that he has not. On the other hand, if rights are to be protected and wrongs righted, no system of justice can possibly permit the convenience of one from whom reparation is due to stand in the way of assuring it. However, it does not advance us much to say that if a plaintiff really has no cause of action discovery should not be allowed, but if he really has, it should be awarded him. The question remains, how is the judge to know whether or not the plaintiff's case entitles him to the use of the discovery machinery.

Mr. Justice Cardozo's opinion in Sinclair Refining Co. v. Jenkins Petroleum Process Co., 289 U.S. 689, 53 S.Ct. 736, 737, 77 L.Ed. 1449, 88 A.L.R. 496, tells that it is a very simple matter, but it does not answer the question just stated further than to say that the trial court has a wide discretion. In the opinion it is stated, "Help for the solution of problems of this order is not to be looked for in restrictive formulas. Procedure must have the capacity of flexible adjustment to changing groups of facts. The law of discovery has been invested at times with unnecessary mystery. There are few fields where considerations of practical convenience should play a larger role. The rationale of the remedy, when used as an auxiliary process in aid of trials at law, is simplicity itself. At times, cases will not be proved, or will be proved clumsily or wastefully, if the litigant is not permitted to gather his evidence in advance. When this necessity is made out with reasonable certainty, a bill in equity is maintainable to give him what he needs."

Searching for guidance in reported decisions under the old practice, and avoiding "restrictive formulas," the only general rule having "the capacity of flexible adjustment to changing groups of facts" which I can discover is that a plaintiff, before he is granted sweeping discovery, must somehow convince the Court that there is, at least, reasonable ground to believe that a cause of action exists, and can be proved if the necessary facilities are afforded him.

Before the new Rules, the plaintiff could state evidentiary facts in his statement of claim, and if he could state enough of them or give them in sufficient detail to satisfy whatever tests the court may have adopted, he would be granted the discovery asked for. On his failure to do so, some courts, illogically, but realistically, dismissed his statement of claim as failing sufficiently to state a cause of action—realistically, because the plaintiff was usually in a situation where denial of discovery would ultimately defeat him.

Under the new Rules, 28 U.S.C.A. following section 723c, it is no longer proper to state evidentiary facts in the complaint. Rule 8(a) prescribes merely a short and plain statement of the claim, showing that the plaintiff is entitled to relief; Rule 8(e) (1) that each averment of a pleading shall be simple, concise, and direct; and Rule 12(b) (6) that the sufficiency of the complaint may be raised by a motion based upon "failure to state a claim upon which relief can be granted." In all these provisions the word "facts"

is rather conspicuously absent, and there can be very little doubt, whatever the prior practice may have been, there is no longer any necessity to state such facts as have been described as "evidentiary" as distinguished from "ultimate," nor is it good practice.

 Thus it appears that the court must either grant discovery whenever it is asked for, provided a cause of action has been pleaded, or look for an earnest of the plaintiff's good faith somewhere other than in the complaint. I hesitate to say that the former alternative must be adopted. There is no reason why a pretrial hearing could not be had in order to help the court determine whether or not there is reasonable ground to believe that a cause of action exists, and to exercise its discretion intelligently. In the present case, the bill in equity for discovery filed under the old rules in the earlier phase of this litigation avers that the defendant admitted charging lower prices to the plaintiff's competitors for goods similar to those sold to the plaintiff, and that it paid reparation for discrimination in certain sales during a limited period. Since the defendant, as I understood it at the argument, does not deny the substance of these averments, they could no doubt be established satisfactorily. However, they are a matter of record, and, if admitted, are, in my judgment, sufficient to justify the Court in exercising the discretion committed to it and ordering the interrogatories to be answered. Under the new Rules they could hardly be brought in by amendment to the complaint. A pretrial hearing will not be ordered unless the defendant states that I have misunderstood his position with regard to these admissions. Otherwise, and without further order, the interrogatories will be answered. They are very numerous, but relate almost entirely to the terms of the contracts which the defendant has or had with other customers, and the method of carrying them out. It does not now appear that expensive or protracted accounting would be necessary. The principal objection from the defendant's standpoint is that they give the plaintiff information as to its business dealings with others than the plaintiff. This, I think, can not be helped.

 It is clear that under the new Rules the complaint states a cause of action.

The motion for a bill of particulars will be denied. As to many of the matters, the defendant has better information than the plaintiff. As to others, interrogatories and procedure by deposition, are, of course, open to the defendant as fully as to the plaintiff.

The motion to dismiss the complaint is denied.

All objections to the interrogatories are dismissed, and the defendant will answer the interrogatories, unless, within ten days, it files a motion denying the premise on which this order is based, namely, that it has previously admitted discrimination against the plaintiff or made reparation to the plaintiff as stated in this opinion, in which case a pretrial hearing will be ordered.