## DIXON v. PHIFER et al.

District Court, W. D. South Carolina.
Nov. 15, 1939.

Donald Russell, of Spartanburg, S. C., for plaintiff.

**628**

Perrin & Tinsley and A. A. Manning, all of Spartanburg, S. C., for defendant.

LUMPKIN, District Judge.

Prior to the effective date of the new Rules of Civil Procedure, plaintiff filed under old Equity Rule 58, 28 U.S.C.A. following section 723, certain interrogatories directed at the defendant Bernard Manning. To such interrogatories the said defendant entered seasonable objections, which came on for hearing before the late Honorable J. Lyles Glenn, United States District Judge, but which were not passed on by Judge Glenn before his death. Thereafter the interrogatories, along with the objections entered thereto, were called up before me and full arguments were had thereon.

Before the hearing before me, however, the new Rules of Civil Procedure, 28 U.S.C.A. following section 723c, became effective and it was agreed by the parties that plaintiff's right to file his interrogatories and the objections thereto would be controlled and determined by such new Rules. Cf. Simonin's Sons, Inc. v. American Can Co., D.C.Pa.1939, 26 F.Supp. 420. Plaintiff's rights in the premises are, then, fixed by Rule 33, Rule of Civil Procedure.

■ A litigant's right to discovery through resort to interrogatories directed at the opposite party under Rule 33 is limited only by rules of relevancy. Dixon v. Sunshine Bus Lines, D.C.La.1939, 27 F.Supp. 797, 798. As stated in Moore, Federal Practice under the New Federal Rules, Vol. 2, pp. 2615, 2616: "The restrictions which hampered Equity Rule 58 are not applicable to discovery under Federal Rule 33. It should be noted that Rule 33 does not expressly define the scope of discovery permitted under it. Since there is an unlimited right to discovery by taking depositions upon oral examination or upon written interrogatories, the silence of Rule 33 on this matter must be construed to permit discovery of the same scope. There is no reason to grant an unlimited right to discovery by deposition on the one hand and restrict discovery under Rule 33 on the other hand. Rule 33 provides merely a less formal and less expensive method of examining an adverse party before trial than the deposition method. Thus, the scope of discovery under Rule 33, like the scope of discovery, by deposition, is governed by Rule 26(b)."

In Nichols v. Sanborn Co., D.C.Mass. 1938, 24 F.Supp. 908, 910, 911, the Court said: "It is perfectly apparent that Rules 26 to 37, inclusive, of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c relating to depositions, discovery, depositions on oral examination and written interrogatories, interrogatories to parties, discovery and production of documents and things for inspection, copying, or photographing, and the admission of facts and genuineness of documents were formulated with the intention of granting the widest latitude in ascertaining before trial facts concerning the real issues in dispute, and permitting interrogatories to parties in connection with any relevant matter in order to make available the facts pertinent to the issues to be decided at the trial and eliminate all expense and difficulty that would be involved in their production at the trial. They were formulated with a view to simplifying the issues. * * To keep in step with the purpose and spirit underlying the adoption of these rules it is better that liberality rather than restriction of interpretation be the guiding principle. This will avoid the confusion and complexities which have resulted as a result of the diversified interpretations of Equity Rule 58 by the Courts."

■ Most of the defendant's objections are predicated upon the limited application of old Equity Rule 58. For purposes of this motion, though, it is unimportant whether the instant action be at law or in equity, for Rule 33 is equally applicable in either event. Simonin's Sons, Inc. v. American Can Co., D.C.Pa.1938, 24 F.Supp. 765. Moreover, it will not do to delay plaintiff in the exercise of his rights under Rule 33 until trial of the cause on its merits. Such a procedure would in effect nullify both the letter and the spirit of the rule, nor can this Court try the case on its merits preliminary to allowing interrogatories under Rule 33.

I am of opinion, therefore, that plaintiff is entitled to have the proposed interrogatories answered and it is so ordered.