**PARAMOUNT FILM DISTRIBUTING CORP. v. RAM et al. (and seven other cases).**

**Nos. 2257–2264.**

United States District Court
E. D. South Carolina,
Aiken Division.

July 26, 1950.

Donald Russell, T. Sam Means, Jr., Spartanburg, S. C., and C. T. Graydon, Columbia, S. C., for plaintiffs.

H. H. Edens, Henry Hammer, Columbia, S. C., and Lonnie A. Garvin, Aiken, S. C., for defendants.

WYCHE, Chief Judge.

These eight separate suits by the plaintiffs, distributors of motion pictures, against the defendants, exhibitors of motion pictures operating a circuit of theaters, are brought to recover damages for conspiracy sounding in fraud and deceit.

The cause is before me upon defendants' motion for a more definite statement of plaintiff's cause of action in each of these cases, and plaintiffs' motion for an order for the production of certain documents, papers, books, accounts, and records of the defendants, more particularly described in the motion itself.

Under Rule 12(e), Fed.Rule Civ. Proc. 28 U.S.C.A., motion for a more definite pleading will only be granted if the pleading assailed is so vague and indefinite that the opposing party cannot plead thereto. Bank of Nova Scotia v. San Miguel, D.C., 9 F.R.D. 171. Motions of such character are not favored under the Rules of Civil Procedure. They represent a more cumbersome and far less satisfactory procedure generally than the discovery proceedings provided by such rules. Zimmerman v. Fillah, D.C., 5 F.R.D. 80; Case v. Missouri Public Service Corp., D.C., 8 F. R.D. 197. Defendants cannot bring themselves within such rule. The pleadings sufficiently apprise them of plaintiffs' cause of action to permit them to answer. The plaintiffs, by their complaint, charge the defendants with false reporting of film rentals; the defendants can answer such charge without a more definite statement of plaintiffs' cause of action; the defendants know whether they are associated in business together. The motion seeks to force plaintiffs to plead matters which should be in the knowledge of the defendants. Cf. Best Foods, Inc., v. General Mills, D.C., 3 F.R.D. 275. I am, therefore, of the opinion that the defendants' motion for a more definite statement of plaintiffs' cause of action in each of these cases must be denied.

In regard to the identical motions of the plaintiffs in each of these cases under Rule 34 for an order directing the defendants to produce for examination, and for discovery and inspection various documents, books, papers, and records, it is not denied

by plaintiffs that such records may not be in the possession, custody or control of the defendants. The affidavit attached to the plaintiffs' motions sets out, with respect to each document sought, the nature of the document and the specific way in which information therein will be used to determine the actual box-office receipts and to obtain other material evidence, and that the records sought are those which are customarily kept by motion picture exhibitors, some because required by regulations of the Treasury Department as an aid to administration of the federal admissions tax and income tax laws, and others because sound business practices require their maintenance. As to any of the enumerated documents which may not be in their possession, and are in the hands of third parties, the motion asks that defendants be directed to procure the same or authorize attorneys for plaintiffs to procure them for inspection.

Rule 34 lists the following requisites for issuance of an order for production of documents: (1) good cause; (2) notice; (3) that the documents not be privileged; (4) that the documents constitute or contain evidence which is relevant to the subject matter; and (5) that the documents be in the possession, custody, or control of the party ordered to produce them.

The rule has been liberally construed to permit inspection of records and thus narrow the issues to be tried, eliminate the element of surprise, and effect speedier and less costly disposition of controversies. As stated in Hickman v. Taylor, 329 U.S. 495, 507, 67 S.Ct. 385, 392, 91 L.Ed. 451; "We agree, of course, that the deposition-discovery rules are to be accorded a broad and liberal treatment. No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case. Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession. The deposition-discovery procedure simply advances the stage at which the disclosure can be compelled from the time of trial to the period preceding it, thus reducing the possibility of surprise."

In June v. George C. Peterson Co., 7 Cir., 155 F.2d 963, 967, in reversing an order denying a motion for inspection, the Court said: "Plaintiff challenges the correctness of the trial court's ruling in denying his motion for an order requiring defendant to produce and permit inspection of (1) its stock record book, (2) copies of its income tax return for 1938 through 1941, and (3) its latest balance sheet for 1942. We are of the opinion that the order should have been granted. The purpose of the rule, Federal Rules of Civil Procedure, rule 34, 28 U.S.C.A. following section 723c, under which plaintiff moved, was to make broad and flexible the litigant's right to discovery. The rule should be liberally, rather than narrowly, construed. If the documents called for are reasonably probable to be material in the case, the production and inspection of them should be allowed. We are of the view that the documents called for by the motion are material to the allegations contained in the second count of plaintiff's complaint."

In C. F. Simonin's Sons v. American Can Co., D.C., 30 F.Supp. 901, 902, the Court stated: " * * * the only general rule * * * which I can discover is that a plaintiff, before he is granted sweeping discovery, must somehow convince the Court that there is, at least, reasonable ground to believe that a cause of action exists, and can be proved if the necessary facilities are afforded him."

In Olson Transp. Co. v. Socony-Vacuum Oil Co., D.C., 7 F.R.D., 134, 136, an antitrust action in which defendants were granted permission to inspect documents relating to the purchase and sale of gasoline by plaintiff and relating to the income records of plaintiff, the Court declared: "I also have in mind that the rule states ' * * * documents, papers, * * * which constitute or contain evidence material to any matter involved in the action.' It is sufficient, in my opinion, that the parties seeking discovery establish that it is reasonably probable that the documents and records sought to be examined constitute and contain material evidence. The examin-

ing party is not restricted to securing testimony that would be admissible at the trial."

Under the amendments to the rules, which took effect on March 19, 1948, Rule 34 has been broadened further by supplanting the requirement that the evidence contained in documents subject to the rule, be "material to any matter involved in the action" with the provision that it may relate "to any of the matters within the scope of the examination permitted by Rule 26(b)." Rule 26(b) permits examination "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, * * *. *It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence.*" (Emphasis added) While motions for inspection had previously been freely granted by the Courts, almost as a matter of routine, any doubt on this point has now been removed by the amendment to Rule 34 and the subsequent decisions of the Courts interpreting this rule.

■ This order should also extend to documents and evidence not in the actual possession of defendants. If defendants do not have copies of the tax returns and bank account records, they are in their control within the meaning of Rule 34, since they can obtain certified copies of them from the government agency or bank concerned. See, Reeves v. Pennsylvania R. Co., D.C., 80 F.Supp. 107.

Records, like the tally sheets and ticket records here, the maintenance of which is required by law, were the subject of a discovery order in Saxton v. W. S. Askew Co., D.C., 38 F.Supp. 323.

■ None of the books, records or documents listed in the motion is subject to any claim of privilege.

■ One of the objections interposed by defendants to the granting of the motion was that their business dealings with other distributors would be exposed. In the Simonin Case, supra, the Court granted plaintiff's motion for discovery and interrogatories as to the records indicating price discrimination against plaintiff. "The principal objection from the defendant's standpoint" the court said in 30 F.Supp. at page 903, "is that they give the plaintiff information as to its business dealings with others than the plaintiff. This, I think, cannot be helped."

In United Mercantile Agencies v. Silver Fleet M. Express, D.C., 1 F.R.D. 709, where the defendant had contracted to pay plaintiff for any of plaintiffs' recommendations which, upon adoption, proved to effect economies or increase defendant's profits, the Court held that Rule 34 entitled plaintiff to inspect defendant's books and accounts of income and costs.

Copies of tax returns have been held not to be privileged. In Connecticut Importing Co. v. Continental Distilling Corp., D.C., 1 R.F.D. 190, 191, a motion was made by defendant for permission to inspect copies of the plaintiff's income tax returns. The Court granted the motion " * * * upon the ground that the copies, although constituting communications from the taxpayer to the government, are nevertheless without privilege either by common law or under statute." See also, Judson v. Buckley, D.C., 31 F.Supp. 246; Welch v. C. G. Johnson Electrical Construction Co., Inc.,[1] Orange County Theatres v. Levy, D.C., 26 F.Supp. 416; Fidelity & Casualty Co. v. Tar Asphalt Trucking Co., D.C., 30 F.Supp. 216.

■ In my opinion, therefore under the decisions herein cited, the plaintiffs are entitled to an order of inspection under Rule 34.

It is, therefore, in each of the above cases, ordered,

1. That defendants' motion for a more definite statement be denied;

2. That defendants, within two weeks of the filing of this order, produce and permit inspection, copying and photographing by the attorneys for the plaintiffs, or the

---

1. No opinion for publication.

agents of said attorneys, of all of the following books, accounts and records, (or any portions of them or copies of them), in the custody, possession or control of the defendants, or any of them pertaining fully, or in part, to each and every day of operation of the motion picture theatres named in the respective complaints, to wit: Little Patricia, Aiken, South Carolina; Patricia, Aiken, South Carolina; Carolina, Batesburg, South Carolina; Liberty, Johnston, South Carolina; Leesville, Leesville, South Carolina; Hollywood, McCormick, South Carolina; Lakeview, Augusta, Georgia; and Graniteville, Graniteville, South Carolina, for the period from January 1, 1940, to May 28, 1949, or in the case of the Johnston Theatre, from the date of its acquisition by the defendants, to May 28, 1949, together with any other documents, papers, books, accounts and records by whatever designation known, that fulfill similar functions, pertaining to such operations, including, but not limited to daily box office statements (tally sheets); cash book, day book, journal and ledger; bank account records, including pass books, bank statements and receipted duplicates or copies of deposit slips; record of tickets, including invoices of ticket purchases, record of purchase, inventory and disposition of tickets, all tickets, and ticket stubs and passes issued and unissued in all price classes, all statements of destruction of unused or absolescent tickets; booking book or record; copies of federal income and admission tax returns and accompanying schedules and work sheets; manager's weekly or other periodic reports, and all other records pertaining to theatre income.

3. The attorneys for the plaintiffs, or the agents of said attorneys, shall be permitted to remove any of the aforesaid documents, papers, books, accounts and records (or any portion of them or copies of them) for the purpose of photographing or otherwise reproducing such records, provided that at all times such documents are removed, defendants' counsel, or their agent shall have the right to accompany such records until returned.

4. In the event that defendants, or any of them do not have in their possession copies of said tax returns, receipted duplicates or copies of bank deposit slips, bank statements or any other documents, originals or copies of which are in the hands of third parties for any portion of the period covered by this order, defendants are hereby directed to request and procure, or at the request of attorneys for the plaintiffs, to authorize such attorneys to request and procure, from the respective governmental agencies, banks or third parties concerned, copies of all such records not in the possession of the defendants, and to submit such copies for inspection, copying, or photographing as aforesaid, upon condition however that the necessary expense, if any, of procuring copies of such records be paid by the plaintiffs.

5. The defendants shall produce and permit the attorneys for the respective plaintiffs, or the agents of said attorneys, to inspect, record, and make an inventory of, and to photograph or otherwise reproduce, as aforesaid, all used and unused tickets in all admission classifications, including free and reduced rate admissions to the said theatres, on hand or in the possession, custody or control of the defendants.