## McDonough v. Linton's Lunch

*D. Kanner*, for plaintiff.

*White, Williams & Scott*, for defendant.

HAGAN, J., October 31, 1956.—This is a trespass action in which plaintiff claims inter alia for loss of earnings.

Defendant filed interrogatories requesting that plaintiff give certain income tax information as set forth in the following interrogatories, to wit:

"18. Have you retained copies of your income tax returns for the years 1952, 1953, 1954 and 1955?

"19. If your answer to the foregoing interrogatory is in the affirmative please attach copies of your' income tax returns.

"20. If your answer to the 18th interrogatory is in the negative will you authorize us to obtain copies of the returns from the Bureau of Internal Revenue?

"21. If your answer to the foregoing is in the affirmative please attach written authorization for defendant to obtain copies of the same from the District Director of Internal Revenue."

Plaintiff answered as follows:

"18. No.

"19. See 18.

"20. No. The same is privileged under Pa. R. C. P. 4011, and further the rules do not require anyone to secure information, but is only restricted to the information in his possession or knowledge.

"21. No. See answer to Interrogatory No. 20, which is incorporated herein by reference and made a part hereof."

Thereupon defendant filed a rule pursuant to Pa. R. C. P. 4009, requiring plaintiff to either secure copies of his Federal income tax returns for the years

1952 to 1955 inclusive and submit them to defendant for inspection or to authorize defendant to obtain them.

Rule 4009 provides that: "Subject to the limitations provided by Rule 4007 (a) and Rule 4011, the court, on the motion of a party may (1) order a party to produce and permit the inspection, including the copying and photographing, by or on behalf of the petitioner of designated tangible things, including documents, papers, books, accounts, letters, photographs and objects, which are in his possession, custody or control . . .". The limitation imposed by rule 4007 is that the object, of which inspection is sought, must be "relevant to the subject matter involved in the action and will substantially aid in the preparation of the pleadings or the preparation or trial of the case." There is no question but that this limitation has been met in this proceeding, in view of the fact that plaintiff has made his earnings relevant by claiming loss of earnings.

The limitation contained in rule 4011, which plaintiff claims is controlling, is sub-section (c) which provides that: "No discovery or inspection shall be permitted which (c) relates to matter which is privileged . . ."

The intial question for determination is whether or not Federal income tax returns retained by a party are privileged from inspection by the opposing party where, as here, they are relevant to the subject matter of the case. This precise question was at issue in the recent case of Brei v. Sharon Steel Corp., decided by the Court of Common Pleas of Mercer County, 8 D. & C. 2d 483. The court there thoroughly reviewed the law on the subject, stating that there are no Pennsylvania cases on the point, and that there is a split of authority among the various Federal courts which have decided the issue, and after reviewing the Fed-

eral court decisions the court concluded that the better reasoned cases were those which held that Federal income tax returns retained by a taxpayer are not privileged where the taxpayer has put his earning capacity in issue.

Without attempting to review the numerous Federal court decisions cited by the Mercer County court in its opinion, we shall simply state that we agree that the better reasoned cases are those which hold that Federal income tax returns retained by a taxpayer are not privileged from disclosure where the taxpayer has placed his earnings in issue. It is our opinion that, while a taxpayer has a privilege not to have the contents of his income tax returns indiscriminately disclosed by the Director of Internal Revenue, when the taxpayer voluntarily puts his earnings in issue in a law suit he waives the privilege in connection with that suit.

Plaintiff apparently agrees with the cases holding that income tax returns retained by a taxpayer who puts his earnings in issue in a law suit are not privileged from disclosure to the opposing party, since he states in his brief: "It is conceded that under the rulings had he had copies in his possession, the defendant would be entitled to copies of same." Plaintiff's position, however, is that since he has not retained his income tax returns he cannot be compelled to secure them or to authorize defendant to do so. Pa. R. C. P. 4009 provides that a party may be compelled to produce and permit the inspection of any document which is "in his possession, custody or control . . ." The second question for determination, therefore, is whether plaintiff's income tax returns for the years 1952 to 1955, inclusive, of which he has not retained copies, are within his "possession, custody or control".

The leading case on this subject is Reeves v. Pa. R. R. Co., 80 F. Supp. 107, D. Del., 1948, which was cited in the opinion of the Mercer County court previ-

ously referred to. The Reeves case held that even though a taxpayer may not have retained his income tax returns, in view of the circumstance that he can secure copies by asking the District Director of Internal Revenue for them, they are at least constructively in his possession and that he can be compelled to secure them. In addition to the Reeves case the following Federal court decisions have also held that a taxpayer has constructive possession of copies of his income tax returns, and that where they are relevant he can be compelled to secure them: Paramount Film Distributing Corp. v. Ram, 91 F. Supp. 778, E. D. S. C., 1950; Tollefsen v. Phillips, 16 F. R. D. 348, D. Mass., 1954; Karlsson v. Wolfson, 18 F. R. D. 474, D. Minn., 1956, and Greene v. Lam Amusement Co., 22 Fed. Rules Serv. 539, N. D. Ga., 1956. In our opinion these cases are well decided. The court would be placing its head in the sand if it held that a party may defeat the effect of an order to produce copies of his income tax returns by the simple expedient of destroying them.

Although the question is not presently before us, we feel it appropriate to point out that, if plaintiff feels sufficiently strong about not producing his income tax returns he need not do so; he may simply withdraw his claim for loss of earnings from the complaint. In that case, his earnings would no longer be relevant, and he could not be compelled to produce his income tax returns for inspection. The same result would be achieved if plaintiff should refuse to obey an order of the court to produce his income tax returns for inspection. Defendant could then ask the court to impose sanctions upon plaintiff, and under rule 4019(c)(2) the court would refuse to allow plaintiff to support his claim for loss of earnings.

For the foregoing reasons it is hereby ordered that plaintiff either (1) apply for copies of his Federal income tax returns for the years 1952 to 1955, inclu-

sive, within one week from the date hereof and produce them to defendant for inspection within one week from the date of receipt, or (2) supply defendant with written authorization to secure said returns within one week from the date hereof.