## Haverford Hall, Inc. v. Hamilton Arms, Inc.

*Melvin G. Levy*, for plaintiff.

*Alexander A. DiSanti*, for defendants.

DIGGINS, J., May 28, 1964.—The above matters are companion cases in equity. With regard to the first action, the pleadings allege that Alexander Fogel and Mary G. Fogel, his wife, are the controlling sharehold-

ers in the plaintiff corporation; that the defendant corporation was organized to own, operate and conduct convalescent and nursing homes in which corporation plaintiff owns 50 shares; that the individual defendants are the sole remaining shareholders in the corporate defendant, Sturm being president and Smith being secretary, both Sturm and Smith also being directors; that Sturm falsely and fraudulently deceived and misrepresented to the Fogels that the shareholders' equity in defendant corporation was at least $180,000, and induced the Fogels, through plaintiff corporation, to purchase a one-third interest therein for $60,000; that upon learning of the false representation, plaintiff attempted to rescind, same being refused; that the individual defendants have mismanaged the affairs of the corporate defendant, diverted and converted corporate funds to their own use or to other business entities of defendant, Sturm; that the individual defendants entered into a conditional sales contract with the corporate defendant fraudulently and without authority; and that various forms of equitable relief should be granted. An answer and counterclaim were filed to this complaint and a reply to the counterclaim was filed by plaintiff.

With regard to the second equity action, plaintiff's allegations were substantially similar to those set forth above, corporate defendant being Mercy Convalescent Home, Inc. In this action, the alleged equity was $91,626, and plaintiff paid $30,542 for a one-third share thereof. Here, however, there was no conditional sales contract problem. Defendants filed an answer and counterclaim, a reply to the latter being filed by plaintiff.

Plaintiff, in both actions, filed a motion under Pennsylvania Rules of Civil Procedure 4009 directing defendants to permit the inspection and copying of the Federal income tax returns of all defendants for the

years 1961, 1962, 1963 and 1964, the last year being added by agreement. Counsel for defendants filed objections to production of the Federal returns on behalf of all defendants; however, the objections filed on behalf of the corporate defendants have been withdrawn, leaving for our determination only the objections relating to the individual returns.

Counsel for defendants concedes the relevancy of the requested Federal income tax returns but contends that they are, nevertheless, privileged because the individual defendants did not voluntarily place their returns in issue. Our research has failed to disclose any guiding Pennsylvania appellate authority in this area. On the other hand, there is a divergence and split of authority among the various Federal courts and certain of the lower courts in Pennsylvania. Consideration of the applicable cases, however, leads us to conclude that the trend and weight of the better reasoned authorities would permit the discovery here sought. See Noonan v. McGuire (No. 2), 11 D. & C. 2d 543; Brei v. Sharon Steel Corporation, 8 D. & C. 2d 483; Court DeGraw Theatre, Inc. v. Loew's, Inc., 20 F. R. D. 85; Paramount Film Distributing Corp. v. Ram, 91 F. Supp. 778.

Accordingly, we make the following

### Order

And now, to wit, May 28, 1964, defendants' objections to motions for production and inspection of documents, filed relative to both of the above captioned matters, be and the same are hereby dismissed.

All defendants in both of the above captioned matters are ordered and directed to produce and make available to counsel for plaintiff within five days of the date hereof their Federal income tax returns for the years 1961, 1962, 1963, and 1964, for the purposes of inspection and copying.