415 P.2d 139

**Frank PATANIA and Aurora Patania, husband and wife, dba the Thunderbird Shop, Appellants,**

**v.**

**Sophie SILVERSTONE, Appellee.***

**No. 2 CA–CIV 65.**

Court of Appeals of Arizona.

June 6, 1966.

* This appeal was filed with the Arizona Supreme Court and assigned that Court's Number 7998. The matter was referred to this Court pursuant to Section 12–120.-23 A.R.S.

Murphy & Vinson, by John U. Vinson, Tucson, for appellants.

Morse & Sands, by George B. Morse, Tucson, for appellee.

DONOFRIO, Judge.

This appeal was taken by the defendants below from a judgment entered upon a jury verdict in favor of the plaintiff below. The plaintiff brought suit against the defendants for personal injuries suffered while leaving the defendants' Indian Crafts store by a rear door not maintained for use· by the general public.

The facts necessary to this appeal are as follows: The plaintiff on March 9, 1961, entered the defendants' Indian Crafts and Jewelry Store from the street through the main door for the purpose of purchasing a pair of earrings. The store is part of The Arizona Land Title & Trust Building, located in Tucson, Arizona. The rear exit opened into a corridor leading to The Arizona Land Title & Trust Building in which the plaintiff's law office was located. The wind was blowing on the day of the accident and had been blowing prior to opening the store enough to cause dust and leaves to come under the door and accumulate a foot or so inside. After seeing the clerk about the earrings plaintiff requested and received permission from the sales clerk to use the rear door. This door is not maintained for use by the general public. In order to reach the door a person must pass through the workshop area of the defendants' store. The workshop is separated from the remainder of the store by a partition and door. The workshop is not an area in which customers would· be allowed without permission.

When the plaintiff entered the workshop she also requested and received permission from the defendant, Mr. Patania, to use the rear exit.

The plaintiff opened the rear door, which has no arrester, and as she stepped into the outside corridor she felt the door coming at her and heard a "swish" sound. In attempting to pull her hand out of the way the tip of the right index finger was amputated by the door as it slammed closed.

No warning was given to the plaintiff concerning the propensity of the door to slam shut on windy days even though in the past it had on occasions slammed shut while unattended, and once had shut on the sales clerk's sweater as she exited.

There were no signs indicating that the back. door was an exit. The record is silent as to whether or not there were any signs indicating that the workshop area leading to the rear door was restricted to employees only. ·The testimony of defendant Mr. Patania and of his employees was that on other occasions customers had asked to use the rear exit and had been given permis-

sion. The record does not reflect whether or not permission to use the rear exit was ever refused to anyone requesting its use. The testimony of one of defendants' silversmiths was to the effect that in his presence he could not recall permission ever being refused.

Defendants assert numerous assignments of error some of which are related and will be discussed together.

Defendants assign as error the refusal of the trial court to grant defendants' requested instruction which would have confined the definition of business invitee to "that portion of the premises to which the invitation extended." We do not agree. The court subsequently instructed the jury:

"When considering the scope of an invitation, the jury, if its judgment so directs, may infer that the invitation extended to all those parts of the premises on or in which the invitee naturally or reasonably would be likely to go."

Instructions must be read as a whole and in the light of each other, Newton v. Main, 96 Ariz. 319, 395 P.2d 360 (1964), and when so done the area to which the invitation extends was properly limited.

Defendants assign as error: (1) the failure to define and explain the legal significances of the scope of the invitation, and (2) the giving of an instruction defining a business invitee while failing to instruct on the duty owed a business invitee. We do not find error. The court gave an instruction concerning the area to which the invitation extended and instructed the jury that "a business invitee is entitled to assume that premises are reasonably safe for his use as such invitee." This properly states the law and the duty owed. If defendants considered the instruction incomplete, they should have requested an instruction that did fully cover the situation. Rodgers v. Bryan, 82 Ariz. 143, 309 P.2d 773 (1957); Tenney v. Enkeball, 62 Ariz. 416, 158 P.2d 519 (1945). The defendants, having failed to request instructions concerning the matters which they now assert as error, cannot be heard to complain.

Defendants assign as error the court's instruction on business invitee. Defendants contend that there was no evidence to warrant the giving of an instruction on business invitee. We cannot agree. The plaintiff came to defendants' store for the purpose of purchasing earrings. There is no question that at the time plaintiff was in the part of the store maintained for use by the general public she was a business invitee. The question of whether her status had changed at the time the accident occurred was a question for the jury to decide. M.G.A. Theaters v. Montgomery, 83 Ariz. 339, 321 P.2d 1009 (1958); Good v. Whan, Okl., 335 P.2d 911 (1959); Martin v. Fox West Coast Theatres Corporation, 41 Cal. App.2d 925, 108 P.2d 29 (1940).

Defendants assign as error the trial court's instructing the jury concerning an owner or occupier's personal knowledge of dangerous or defective conditions created or maintained for a long period of time, without instructing on the legal significance of such knowledge. We are unable to agree. Defendants offered no instruction in this regard and cannot now be heard to complain. Rodgers v. Bryan (supra); Tenney v. Enkeball (supra).

Defendants assign as error the failure of the trial court to instruct the jury on the duty owed by an owner or occupier of land to licensees and trespassers. In this regard defendant cites us to cases outside our jurisdiction in support of the proposition that it is the trial court's duty to instruct upon all material issues of the case even without request. Our Supreme Court has set down the rules in this regard. See State v. Mejia, 97 Ariz. 215, 399 P.2d 116 (1965); Sarwark Motor Sales, Inc. v. Woolridge, 88 Ariz. 173, 354 P.2d 34 (1960); Layne v. Hartung, 87 Ariz. 88, 348 P.2d 291 (1960); and Tipton v. Burson, 73 Ariz. 144, 238 P.2d 1098 (1951). In Mejia a paternity case tried as a civil matter, the Supreme Court stated:

"In Tipton v. Burson, 73 Ariz. 144, 150, 238 P.2d 1098, 1102, this Court clarified some earlier opinions and stated that it

was not 'the duty of the court on its own motion to take notice of all questions directly or collaterally involved and to instruct the jury thereon.' We held, however, that as to a vital question it was the duty of the court to instruct the jury regarding the law on the subject, even in the absence of a request. Failure to do so constitutes fundamental and reversible error."

The jury under proper instruction found plaintiff to be a business invitee, to whom is owed a higher duty of care. We are of the opinion that the failure to instruct on the issue of licensee and trespasser, without a request, was not such a vital issue as to constitute fundamental and reversible error.

Defendants assign as error the court's refusal to instruct the jury on assumption of risk. The elements of assumption of risk are that "[T]here must be either a risk or danger which the plaintiff knows of or appreciates, or the danger must be so obvious that the plaintiff will be presumed to have known and comprehended it." Miller v. George F. Cook Construction Co., 91 Ariz. 80, 370 P.2d 53 (1962); City of Tucson v. Holliday, 3 Ariz.App. 10, 411 P. 2d 183 (1966). Construing the evidence most favorable to the defendants' position as we must when determining if an instruction on the assumption of risk should be given Holliday (supra), there was no testimony or a reasonable inference therefrom that would support this theory cited to us by defendants nor are we able to find any from independent research. It follows then that the court was correct in refusing to instruct on assumption of risk. Morris v. Aero Mayflower Transit Co., 73 Ariz. 390, 242 P.2d 279 (1952).

Defendants assign as error the trial court's instructing the jury on the sudden emergency doctrine and contributory negligence on the basis that the two instructions are contradictory. Defendants have not cited us any case to this effect and independent research has not revealed any. In Southwestern F. Lines, Ltd. v. Floyd, 58 Ariz. 249, 119 P.2d 120 (1941) the court therein instructed on contributory negligence and explained at length why the sudden emergency doctrine was applicable. We find no error in this regard.

Defendants assign as error the trial court's refusing defendants' requested interrogatories to the jury. The matters covered in the requested interrogatories were covered in the court's instructions to the jury. The propriety of submitting written interrogatories to the jury rests in the sound discretion of the trial judge. Powell v. Langford, 58 Ariz. 281, 119 P.2d 230 (1941). No litigant may demand submission of special interrogatories as a matter of right. Powell v. Langford (supra). Absent an abuse of discretion the decision of the trial court will be upheld. We find no abuse of discretion.

Defendants assign as error the trial court's refusal to give defendants' requested instruction that a party's failure to call a witness available to him, here the treating doctor, gives rise to an inference that the witness's testimony would be unfavorable to the party failing to call him. The inference is applied in those situations "where the existence or nonexistence of a certain fact is within the peculiar knowledge of a witness, and he fails to testify as to the fact, the trier of fact may justly draw the inference that the true fact is against his interest." Starkweather v. Conner, 44 Ariz. 369, 38 P.2d 311 (1934). It is our opinion that this is not a proper matter for instruction and that the instruction offered would be a comment upon the evidence.

Defendants' instruction is also not proper for another reason. A physician's knowledge gained through confidential communications and examination is protected from discovery by the physician-patient privilege. A.R.S. § 12–2235. This privilege may be waived by voluntarily testifying with reference to the communications. A.R.S. § 12–2236. A deposition is a

judicial proceeding. It is generally recognized that privilege as an objection applies to questions on the examination of a party whose deposition is being taken. Dixon v. Phifer, 30 F.Supp. 627 (Wo S.C.1939); 16 A.R.S. Rules of Civil Procedure, Rule 26 (b). At the taking of plaintiff's deposition, plaintiff testified to the communications with her physician concerning the loss of fingertip sensation and the possibility of it returning. By so doing, plaintiff waived the physician-patient privilege. In re Roberto, 106 Ohio App. 303, 151 N.E.2d 37 (1958); Munzer v. Swedish American Line, 35 F.Supp. 493 (S.D.N.Y.1940); Lietz v. Primock, 84 Ariz. 273, 327 P.2d 288, 67 A.L.R.2d 1262 (1958).

■ The treating doctor was at that time available to the defendants to be called to testify concerning the extent of plaintiff's injury. We are cognizant that plaintiff has the burden of proof in establishing damages, however, plaintiff's damages were susceptible of proof without expert medical testimony. In City of Phoenix v. Mullen, 65 Ariz. 83, 174 P.2d 422 (1946), our Supreme Court stated:

> "Whether the injury is permanent need not be proven by medical testimony, nor is the jury bound by the testimony of a medical expert who testifies as to the lack of permanency of the injury, if there is controverting evidence or testimony from which it may be inferred that the injury is in fact permanent."

Plaintiff's finger was amputated at the tip and it was obvious to jury that the tip would not grow back.

Defendants assign as error the following concerning the treating doctor as a comment on the evidence contrary to A.R.S. Const. Art. 6, Section 12:

> "The Court: Sustained. It is immaterial if he was asked to come or refused to come."
>
> \* \* \* \* \* \*
>
> "The Court: Dr. Cogswell is equally available to both sides."

> \* \* \* \* \* \*
>
> "The Court: The failure of the witness to appear or somebody to subpoena him has nothing to do in a case. Let us pass on from there. That is the ruling of the court."

■ Our Supreme Court in Glowacki v. A. J. Bayless Markets, 76 Ariz. 295, 263 P.2d 799 (1953) stated that in order to determine whether a statement by the court is a comment upon the evidence the statement should be examined in light of the circumstances and context in which it was made. Such an examination reveals that the statements were not comments upon the evidence. The court's statements were to the effect that it was irrelevant whether or not Dr. Cogswell was asked to come or refused to come. We would regard this more in the nature of an explanation of a ruling than a comment upon the evidence. We would add that such by-play between court and counsel is not to be encouraged, as the fine line between explanation and comment is not always seen.

Defendants assign as error the refusal to give their requested instruction offered to obviate the court's comments. This assignment must fall under the disposition of the prior assignment of error.

■ Defendants' last assignment of error is based upon the trial court's instructing the jury that it might award future damages. This assignment of error has been partially disposed of by the City of Phoenix case (supra). The doctor was not a material witness necessary to establish plaintiff's future damages. A reading of the instructions relating to future damages reveals no error.

Affirmed.

STEVENS, C. J., and CAMERON, J., concur.

NOTE: This case was decided by the Judges of Division One as authorized by A.R.S. § 12–120, subsec. E.