584 P.2d 598

Julian R. PONCE, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Cyprus Pima Mining Company, Respondent Employer,

Cyprus Pima Mining Company, Respondent Carrier.

No. 1 CA–IC 1766.

Court of Appeals of Arizona, Division 1, Department C.

July 6, 1978.

Rehearing Denied Aug. 15, 1978.

Review Denied Sept. 19, 1978.

Davis, Eppstein & Tretschok, P.C. by Philip Hall, Bruce L. Dusenberry, Tucson, for petitioner.

John H. Budd, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Twitty, Sievwright & Mills by John F. Mills, Phoenix, for respondents employer and carrier.

## OPINION

SCHROEDER, Judge.

Petitioner, Julian R. Ponce, challenges an Industrial Commission award which found that his back injury was not compensable under our Workmen's Compensation Act. In resolving the case against the petitioner on credibility grounds, the hearing officer drew a negative inference from the petitioner's failure to call a witness whom the petitioner had subpoenaed. The dispositive issue in this review is whether such an inference was proper. Since we hold, under the circumstances of this case, that it was not, the award must be set aside.

Petitioner testified at the hearing that on April 12, 1976, during the course of his employment with the respondent, Cyprus Pima Mining Company, he pushed several wheelbarrow loads of cement. While he felt nothing unusual at that time, a few days later he began to feel some discomfort and went to a doctor for treatment of "nervousness." Several days after that visit, he saw a second physician, Charles Limanni, D.O., complaining of back problems. He told Dr. Limanni that he had been pushing a wheelbarrow at work, and that this was the "only thing [he] could have gotten hurt from. . . ." Dr. Limanni testified that the petitioner did have restricted motion in his lower back and was suffering from paravertebral myospasm and a twisted sacroiliac. Based upon the history given to him by petitioner, Dr. Limanni stated that he had taken "the patient's word," and testified that the work activity, was, within a reasonable degree of medical probability, responsible for petitioner's back injury.

However, there are inconsistencies when petitioner's conduct is compared with the history he gave to Dr. Limanni. Petitioner did not complaint of back problems when he first sought medical treatment and did not file for compensation benefits until June 25, 1976. In an application for accident and health insurance benefits he stated that his injury was not industrially related.

In communications with the Industrial Commission, petitioner indicated that another employee, Janet Tomaskie, was present when the injury allegedly occurred. She was subpoenaed to appear and was apparently present at the hearing. At the conclusion of the hearing, however, petitioner's counsel stated that it would be unnecessary to call her, and she did not, in fact, testify.

In resolving the serious credibility question in this case, the hearing officer, after noting the inconsistencies in the evidence, drew an inference that the testimony of

Mrs. Tomaskie would have been adverse to the petitioner.[1]

■ The trier of fact may draw an adverse inference from the failure to produce certain testimony only under limited circumstances. *See generally* McCormick, Handbook of the Law of Evidence § 272 (Cleary ed. 1972). The overall policy was well stated by the Wisconsin Supreme Court in *Ballard v. Lumbermens Mutual Casualty Co.,* 33 Wis.2d 601, 148 N.W.2d 65 (1967). An adverse inference from the failure to call a particular witness should not be drawn unless the failure "leads to a reasonable conclusion that the party is unwilling to allow the [fact finder] to have the full truth." *Id.* at 616, 148 N.W.2d at 73.

The leading case in Arizona is *Starkweather v. Conner,* 44 Ariz. 369, 377, 38 P.2d 311, 314 (1934), in which the Court emphasized that such an inference may be utilized "where the existence or nonexistence of a certain fact is within the peculiar knowledge of a witness, and he fails to testify as to the fact." In such circumstances the trier of fact may justly draw the inference that the fact is against his interest. *Starkweather* involved a party who did testify as to some matters but failed to testify with respect to key matters peculiarly within his knowledge. In a more recent case involving the failure to call a witness, *Patania v. Silverstone,* 3 Ariz.App. 424, 428, 415 P.2d 139, 143 (1966), this Court stressed the *Starkweather* requirement of unique knowledge and held an adverse inference inappropriate where the potential witness' knowledge was not unique. In a similar vein, courts in other jurisdictions have held that no inference should be

drawn when the witness' testimony would be merely cumulative. *Kean v. C.I.R.,* 469 F.2d 1183, 1188 (9th Cir. 1972); *Ballard v. Lumbermens Mutual Casualty Co.,* 33 Wis.2d 601, 616, 148 N.W.2d 65, 73 (1967).

Courts have also refused to permit an inference against one party when the witness was equally available to both parties. In *Felice v. Long Island Railroad Co.,* 426 F.2d 192 (2d Cir.), *cert. denied,* 400 U.S. 820, 91 S.Ct. 37, 27 L.Ed.2d 47 (1970), the Court held that no adverse inference should be drawn against an employer who failed to call a co-employee as a witness. *See generally Kean v. C.I.R.,* 469 F.2d at 1188; *Huskey v. Metropolitan Life Ins. Co.,* 94 S.W.2d 1075 (Mo.App.1936); *Cooper v. Metropolitan Life Ins. Co.,* 94 S.W.2d 1070 (Mo.App. 1936); 2 Wigmore, Evidence § 288, at 169 (3d ed. 1940).

■ We conclude that in this case the circumstances did not warrant an inference that Mrs. Tomaskie's testimony would be adverse to petitioner. She was known and equally available to both sides. She was listed by petitioner as having been present at the time the accident allegedly occurred, but her testimony would at most have corroborated testimony already given by the petitioner that he had pushed a wheelbarrow at work. Her testimony could not have shown the degree of strain experienced by petitioner while performing this task. Since petitioner never claimed that he experienced a sharp pain or an immediate onset of symptoms, her testimony could not be assumed to have been directly related to the key issue in this case: whether the petitioner injured his back while pushing the wheelbarrow at work, or at some later

1. The hearing officer's findings contained the following statements:

" 'The unexplained failure of a party to call or examine an available witness who possesses peculiar knowledge ("present when his accident occurred") may give rise to an inference that the testimony of such witness would not sustain the contention of the party. . . . (The) inference (is) warranted where . . . the party relies instead on the evidence of witnesses less familiar with the matter (e. g. physician's history taken from the applicant) . . . . It is compe-

tent for a party to explain his failure to call a witness, and no adverse inference will be drawn where such failure is satisfactorily explained. The inference arising from failure to call a witness may be rebutted . . . . The probative force and weight of the inference are questions for the trier of the facts. . . . ' 31A C.J.S. [Evidence] § 156(3), pp. 403–414. See also *Starkweather v. Conner,* 44 Ariz. 369, 38 P.2d 311 (1934) and *Patania v. Silverstone,* 3 Ariz.App. 424, 415 P.2d 139 (1966)."

time. The petitioner could, for any number of reasons, have determined that her testimony was unnecessary. It was improper for the hearing officer to assume that Mrs. Tomaskie was not called as a witness because her testimony would have been adverse to petitioner. A party should not be forced to act at its peril when it determines that a witness' testimony is not necessary. The law should discourage and not encourage protracted evidentiary hearings.

Petitioner was entitled to have his case decided by the hearing officer on the basis of the evidence in the record and on reasonable inferences which could be drawn from that evidence. *Reserve Life Insurance Co. v. Industrial Comm'n,* 15 Ariz.App. 420, 489 P.2d 83 (1971). The hearing officer's decision in this case was based in material part upon an unreasonable and improper inference.

The award is set aside.

WREN and DONOFRIO, JJ., concur.