No. 12303

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

---

STATE OF MONTANA ex rel. LORRAINE E. WOOD, Executrix of the
Estate of LEROY G. WOOD, deceased,

Petitioner,

-vs-

DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF THE STATE OF
MONTANA, IN AND FOR THE COUNTY OF MISSOULA,

Defendant.

---

Original Proceedings.

Counsel of Record:

For Petitioner:

Worden, Thane, Haines and Williams, Missoula, Montana.
Shelton Williams argued, Missoula, Montana.

For Defendant:

Boone, Karlberg and Haddon, Missoula, Montana.
Karl R. Karlberg argued, Missoula, Montana.

---

Submitted: July 17, 1972

Decided: JUL 2 1 1972

Filed: JUL 2 1 1972

Thomas J. Kearney
Clerk

PER CURIAM:

Original proceeding. Petitioner seeks an appropriate writ to require the defendant district court to vacate certain orders with respect to interrogatories and request for admissions in cause No. 38873, entitled Lorraine E. Wood, as Executrix of the Estate of LeRoy G. Wood, deceased, Plaintiff, vs. Jerald L. Culbert, Defendant, now pending in the defendant district court.

Counsel for petitioner was heard ex parte and an order to show cause was issued on June 14, 1972. The district court filed a memorandum of authorities supporting its actions and was represented by counsel when the matter was heard on July 17, 1972, and the cause taken under advisement.

It appeared upon the hearing that Hon. Emmet Glore, the district judge who heard this matter in the district court is retiring this year and counsel agree that in all probability he will not be the judge who will preside upon the trial.

It further appeared that as to the order denying interrogatories which seeks information as to witnesses under Rule 33, M.R.Civ.P., counsel's objections were to the form of the requests and stated in open court that information as to the witnesses would be furnished in accordance with the provisions of the applicable rules.

It also appeared that Judge Glore was contemplating that this cause would be tried with a jury before him during this summer but, as heretofore stated, this appears doubtful. In such a situation we believe the better procedure would be to vacate the orders and have the matters in question submitted to the judge who will hold the pretrial hearing and preside at the trial.

- 2 -

Then, too, many of the matters argued by counsel for defendant court and judge appear to be premature and cannot properly be considered upon the record now available to this Court.

For these reasons and having confidence that the defendant court will be guided by our observations, we decline, without prejudice, to issue any writ herein and order these proceedings be dismissed.

DATED this 21st day of July, 1972.