No. 13283

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

_____

BILL BROTHERS,

Plaintiff and Respondent,

-vs-

TOWN OF VIRGINIA CITY, VIRGINIA
CITY MONTANA, and WALTER EVERLY,

Defendants and Appellants,

TOWN OF VIRGINIA CITY, VIRGINIA CITY
MONTANA,

Third Party Plaintiff and Appellant,

-vs-

STANFORD O. DUGDALE,

Third Party Defendant and Respondent.

_____

Appeal from: District Court of the Fifth Judicial District,
Hon. Robert J. Boyd, Judge presiding.

Counsel of Record:

For Appellants:

Chester Lloyd Jones argued, County Attorney,
Virginia City, Montana

For Respondents:

Corette, Smith and Dean, Butte, Montana
R. D. Corette argued and John Larson argued,
Butte, Montana

_____

Submitted:        October 22, 1976

Decided: DEC 28 1976

Filed: DEC 28 1976

Thomas J. Kearney
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal from a final judgment following a jury verdict rendered in favor of plaintiff Bill Brothers in the district court, Madison County.

On July 21, 1972, Bill Brothers Construction entered into a contract with the Town of Virginia City, Montana, whereby the contractor agreed to construct a sanitary sewer system and lagoon for the contract price of $139,681.50. Virginia City subsequently requested changes in the sewer system which reduced the contract price to $138,629.20. These changes were approved by the contractor and Virginia City's supervising engineer.

The contractor commenced performance of the contract in accordance with a "notice to proceed" and continued to perform under the contract except during those periods when inclement weather caused the suspension of work. The contractor received periodic payments under the contract as the construction progressed until September 5, 1973, when the contractor gave notce performance of the contract was complete.

In the district court the contractor contended the following sums remained due, owing and unpaid under the original contract or subsequent contracts:

Count One - $17,195.15, together with interest, as the final payment due under the original construction contract.

Count Two - $3,829.55, together with interest, as payment for work requested and authorized by Virginia City in the repair of wash-out conditions caused by a ruptured water line.

Count Three - $468.60, together with interest, as payment for part performance on a contract for extra work performed in connection with the lagoon.

At the conclusion of the presentation of evidence, the district court granted plaintiff's motion for directed verdict on Count Two, ruling that defendant was indebted to plaintiff but leaving the amount of indebtedness to the jury. The jury returned verdicts for the plaintiff and in the sums prayed for by the plaintiff with the exception of Count Three for which the jury returned a verdict in the amount of $400.

Defendant presents five issues for review:

1. Whether the district court erred in granting plaintiff's motion in limine which restricted defendant from questioning plaintiff regarding litigation between plaintiff and defendant's supervising engineer?

2. Whether the district court erred in not granting defendant's motion for directed verdict on Counts One and Three?

3. Whether the district court erred in not granting defendant's motion for a new trial on Counts One, Two and Three?

4. Whether the district court erred in not granting defendant's motion for judgment notwithstanding the verdict on Count Three?

5. Whether the district court erred in giving Instruction No. 10 and refusing to give defendant's proposed instructions No. 2, 10 and 11?

Defendant's first allegation of error concerns the district court's granting of plaintiff's motion in limine. Defendant contends that evidence of pending litigation between plaintiff and

- 3 -

defendant's engineer was relevant and material in proving the bad faith of the engineer and thus wrongly withheld from the jury. Defendant concludes that plaintiff would not have recovered had defendant been allowed to establish the engineer's bad faith in issuing extensions of time for performance and in his determination that the contract had been completed.

We believe defendant has incorrectly interpreted the law of Montana regarding the effect of decisions of a supervising engineer. Clifton, Applegate & Toole v. Big Lake Drain District No. 1, 82 Mont. 312, 327, 330, 267 P. 207, correctly states the Montana rule:

> "The law appears to be definitely settled that 'the decision, estimate, or certificate of an architect, engineer, or superintendent, in approving or disapproving the work as a performance of a contract, or in passing on questions relating thereto, is, in the absence of fraud, bad faith, or mistake, conclusive and binding on the parties, where the contract, either in express terms provides that it shall be final and conclusive, or in plain language shows that it was the intention of the parties that the person to whom the question is submitted should be the arbiter thereof.'
>
> "* * *
>
> "An honest mistake in measurement or in judgment is not a ground for impeachment of the engineer's estimates. it is not sufficient to say that the engineer came to a conclusion of fact erroneously. Although the court might have made a different estimate, it may not substitute its judgment for that of the engineer."

See: Polley's Lumber Co. v. United States, 115 F.2d 751; United Pacific Insurance Co. v. County of Flathead, 499 F.2d 1235.

Absent a showing of fraud, the decisions of the supervising engineer are binding upon the contracting parties. We fail to perceive how the introduction of evidence regarding litigation between plaintiff and the supervising engineer would establish such fraud. The issue to be resolved was whether or not plaintiff

could recover from defendant under a construction contract. Evidence of pending claims and counterclaims between plaintiff and defendant's supervising engineer were not material in resolving such a question of law and fact.

This Court reviewed the applicability of the motion in limine in Wallin v. Kenyon Estate, 164 Mont. 160, 164, 519 P.2d 1236:

> "Authority for the granting of a motion in limine rests in the inherent power of the court to admit or exclude evidence and to take such precautions as are necessary to afford a fair trial for all parties. * * *
>
> "The decision of the district court in excluding questions at trial of the proponent's alleged practice of law was conducive to the prevention of irrelevant, immaterial and prejudicial evidence being heard by the jury. The purpose, and effect, of the court's granting the motion in limine was to prevent that which occurred in the case of In the Matter of the Estate of Powers, 163 Mont. 67, 515 P.2d 368, where many diverse issues were allowed '* * * to divert the trial court from the single issue * * *'."

The advantages of the motion in limine are many. It speeds, simplifies and purifies the process of obtaining just verdicts by excluding prejudicial evidence which lacks probative value. The motion in limine allows the judge and jury to concentrate on the main dispute by isolating the jury from prejudicial inferences and collateral issues. See: 20 Am Jur Trials p. 441.

We hold the district court properly exercised its discretion when it granted plaintiff's motion in limine.

In its second allegation of error defendant contends the district court erred in not granting defendant's motion for directed verdict on Counts One and Three.

The law is clear in Montana that a party asserting error in the district court's denial of motion for directed verdict has the burden of showing that error was committed. Fuchs v. Huether,

154 Mont. 11, 459 P.2d 689. When reviewing an order denying motion for directed verdict only evidence of the non-moving party will be considered and such evidence will be considered in the light most favorable to that party. Mueller v. Svejkovsky, 153 Mont. 416, 458 P.2d 265. The reviewing court must concede as true all of plaintiff's evidence and give plaintiff the benefit of all legitimate inferences. Gerard v. Sanner, 110 Mont. 71, 103 P.2d 314. The evidence must be reviewed from the standpoint most favorable to plaintiff and every fact which the evidence tends to prove must be deemed proved. Leybold v. Fox Butte Theater Corp., 103 Mont. 232, 62 P.2d 223. If the record should contain substantial evidence sustaining the jury finding then the trial court's action in denying the motion for directed verdict and submitting the cause to the jury, and the jury verdict itself, must be sustained. In re Dillenburg's Estate, 136 Mont. 542, 349 P.2d 573.

We find the district court properly concluded that plaintiff introduced substantial evidence sustaining the jury's finding. The district court correctly denied defendant's motion for directed verdict on Counts One and Three.

Defendant's third allegation of error concerns the district court's denial of defendant's motion for a new trial on Counts One, Two and Three.

The district court has broad discretion to grant or deny motions for new trial and its rulings will not be disturbed on review in the absence of a clear showing of manifest abuse of discretion. Gunderson v. Brewster, 154 Mont. 405, 466 P.2d 589. Where there is substantial evidence to support the verdict the district court's refusal to grant a new trial will not be disturbed.

State Highway Commission v. Roth, 159 Mont. 268, 496 P.2d 1136. Even where the evidence is in conflict, the judgment will not be disturbed on appeal when substantial evidence appears in the record to support the judgment. This rule is particularly applicable when the district court has passed upon the sufficiency of the evidence on motion for new trial and has upheld its sufficiency. Strong v. Williams, 154 Mont. 65, 460 P.2d 90.

We find substantial evidence in the record to support the jury verdict and find no abuse of discretion or error in denial of the motions for new trial.

Defendant's fourth allegation of error concerns the district court's refusal to grant defendant's motion for judgment notwithstanding the verdict on Count Three.

As in the case of a motion for directed verdict, the Court reviewing a motion for judgment notwithstanding the verdict must view the evidence in the light most favorable to the party against whom the motion is made. The moving party admits the truth of adverse evidence and every legitimate inference which may be drawn from the adverse evidence. The motion for judgment notwithstanding the verdict should be granted only where it appears from the evidence, viewed in the light most favorable to the non-moving party, that there is no substantial evidence to support the verdict. Hauter v. Zogarts, 120 Cal.Rptr.681, 534 P.2d 377.

Clearly, plaintiff introduced substantial evidence which would support the jury's verdict on Count Three. We find no error in the district court's denial of defendant's motion for judgment notwithstanding the verdict.

Defendant's fifth allegation of error is that the district court erred in its instructions to the jury and in refusing to give several of defendant's proposed instructions.

When determining whether jury instructions were properly given or refused the reviewing court considers the instructions in their entirety. Furthermore, the instructions are read in connection with other instructions given and they are considered in light of the evidence adduced. Fox v. Fifth West, Inc., 153 Mont. 95, 454 P.2d 612. Where the instructions to the jury in their entirety state the law applicable to the case, a party cannot claim reversible error as to the giving or denying of certain instructions. Franck v. Hudson, 140 Mont. 480, 373 P.2d 951.

Upon reviewing the jury instructions given by the district court, we find no reversible error.

The judgment of the district court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices.

_____
Hon. L.C. Gulbrandson, District Judge, sitting for Justice Wesley Castles.