No. 13405

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

JACK KEARNS,

Plaintiff and Respondent,

-vs-

McINTYRE CONSTRUCTION COMPANY, a corporation
and S. BIRCH INC., a corporation,

Defendants and Appellants.

---

Appeal from: District Court of the Second Judicial District,
Honorable Arnold Olsen, Judge presiding.

Counsel of Record:

For Appellants:

Jardine, Stephenson, Blewett and Weaver, Great Falls,
Montana
Alexander Blewett argued, Great Falls, Montana

For Respondent:

Corette, Smith and Dean, Butte, Montana
Kendrick Smith argued, Butte, Montana

---

Submitted: March 17, 1977

Decided: JUL 2 8 1977

Filed: JUL 2 8 '977

Thomas J. Kearney
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court:

Defendants appeal from the final judgment of the district court, Silver Bow County. The district court, sitting without a jury, found for plaintiff and decreed that plaintiff recover from defendants the full amount of plaintiff's alleged damages, $9,160.01, with interest, plus costs in the amount of $19.40.

Plaintiff brought this action to recover money damages for injuries purportedly caused by defendants to plaintiff's real and personal property. The injuries occurred on a ranch near Melrose, Montana, owned by plaintiff. A portion of the ranch was condemned by the State of Montana for the purpose of constructing a highway. Defendants, acting in a joint venture, contracted with the State Department of Highways, to construct the new highway. To complete its highway construction contract, it was necessary for defendants to obtain quantities of gravel and borrow (earth taken from one location to be used for fill at another location).

Defendants entered into two written contracts with plaintiff. The first contract, executed on May 17, 1972, hereinafter referred to as the gravel agreement, gave defendants the right to remove rock, gravel, sand and earth from plaintiff's land for the price of 4¢ per ton. The contract specified: (1) The area on plaintiff's land from which these materials were to be taken, (2) granted defendants the right of ingress and egress to remove these materials, and (3) that defendants could extract as much gravel material from plaintiff's property as they deemed necessary to satisfy their construction needs, with a required minimum quantity of 110,000 tons.

The second contract, apparently executed on May 16, 1972, hereinafter referred to as the borrow agreement, gave defendants the right to remove borrow material, consisting of rock, gravel,

silt, sand and earth, from a specified tract of plaintiff's land for the price of 2¢ per cubic yard. The contract granted defendants the right of ingress and egress to extract as much borrow material as defendants deemed necessary to satisfy their construction needs. Defendants, as additional consideration, agreed to provide the services of land scrapers, levelers and rippers for a specified period of time.

This action was commenced on September 4, 1974, when plaintiff filed his original complaint. The original complaint sought to recover money damages in the amount of $16,611.90, plus costs. Subsequent to the filing of the original complaint, plaintiff and defendants settled certain claims which were asserted. On March 21, 1975, plaintiff filed an amended complaint, recognizing and acknowledging defendants had paid to plaintiff the sum of $3,295.90, and sought further money damages in the following amounts:

"6.

"That in addition to the amount of $288.00 due from Defendants to Plaintiff as alleged in Paragraph 5, there are other sums due by reason of damages caused by Defendants to Plaintiff as follows:

"a. Defendants have failed to restore the Plaintiff's fields where they were cut down and damaged by Defendants' trucks;

"b. Defendants damaged a crossing-pipe belonging to Plaintiff when a fuel truck got stuck;

"c. Defendants cut, removed, and destroyed a 12" irrigation pipe 40' long, and in attempting to repair the irrigation line made an improper installation resulting in leaking of the irrigation pipeline and causing dirt, gravel, and rocks to fill in said pipeline.

"d. Defendants failed to put gravel on the ditch road as agreed.

"e. Defendants failed to do repair work on the lane as agreed.

"f. Defendants damaged 43 acres of land

-3-

because Defendants created a situation
where Plaintiff was unable to shut off
irrigation water on said lands which will
require disking, harrowing, and seeding.

"g. Defendants in connection with
backsloping failed, neglected, and re-
fused to do the same in a careful and
prudent manner to the Plaintiff's damage
for necessary backsloping, repair of
fences, and installing drainage facilities.

"h. Defendants carelessly and negli-
gently shut off, or failed to supply,
water for hay production to Plaintiff's
damage.

"And that all of said acts of the Defendants were
to the Plaintiff's additional damage in the amount
of $9,258.68."

Subsequent to the filing of the amended complaint, defen-

dants effected discovery through written interrogatories and

plaintiff's deposition. On April 9, 1975, defendants filed a

motion to dismiss. The trial court record fails to disclose any

ruling by the district court on this motion.

On April 21, 1975, defendants answered plaintiff's

amended complaint. Defendants' answer generally denied plaintiff's

allegations yet admitted defendants' past indebtedness to plain-

tiff in the amount of $9,611.90, subject to an offset in the

amounts of $6,316.00, which comprised the cost of installing 350

feet of irrigation pipe at $12.00 per lineal foot, and $2,116.00,

the cost for land leveling services performed by defendants.

Defendants further denied any indebtedness alleged in paragraph 6,

subsections (a), (b), (c), (f), (g), and (h) of plaintiff's

amended complaint since those claims were barred by the statute

of limitations, section 93-2607(2), R.C.M. 1947.

On November 12, 1975, defendants filed a motion for summary

judgment pursuant to Rule 56, M.R.Civ.P. Briefs were submitted

in support of and in opposition to defendants' motion for summary

judgment. On January 9, 1976, the district court issued its order

summarily denying defendants' motion. The district court failed to file any opinion or memorandum in support of its order denying defendants' motion for summary judgment.

On January 19, 1976, plaintiff filed a motion to amend his amended complaint. The motion specifically sought amendment of subsections (a), (b), (c), (f), (g) and (h) of paragraph 6 of the amended complaint. The district court heard the motion to amend the amended complaint on the morning of trial, January 26, 1976. Defendants objected to any amendment of the amended complaint on the grounds the original complaint and the first amended complaint sought recovery on a tort theory and not on a contract theory, which was the effect of the proposed amendments. Defendants contended the purpose of the amendments was to overcome the obstacle of the statute of limitations, the basis for defendants' motion for summary judgment. Plaintiff resisted defendants' objections on the grounds the doctrine of implied provision of written contracts and the doctrine of third-party beneficiary contracts supported the motion to amend.

On January 26, 1976, this cause went to trial on the legal theories set forth in the amended complaint, as further amended by the motion to amend. At the conclusion of trial, both parties submitted proposed findings of fact and conclusions of law. On May 6, 1976, the district court entered judgment in favor of plaintiff, decreeing that plaintiff recover $9,160.01, with interest accruing on item (g) ($667.00) from October 1, 1973, while interest on all other items ($8,493.01), was to accrue "from at least October, 1972, (some of the Items having been in May and June of the same year)". The amount sought as damages in subsection (b) of paragraph 6 is excluded from the judgment, defendants having voluntarily paid the sum of $98.67 to plaintiff.

In its findings of fact and conclusions of law the district

-5-

court held the gravel and borrow agreements, when reasonably construed and interpreted, contained the implied obligation that defendants were to use reasonable care in working in and upon plaintiff's ranch; to leave the ranch premises in good condition; and to refrain from unreasonably damaging plaintiff's land. The district court concluded defendants had breached express contracts, implied contracts and third-party beneficiary contracts, entitling plaintiff to full recovery for his damages.

Defendants present five issues for review:

1. Whether the district court erred when it failed to grant defendants' motion for summary judgment?

2. Whether the district court erred when it permitted plaintiff to amend his previously amended complaint on the day of trial?

3. Whether there was sufficient evidence to support the district court's findings of fact, conclusions of law and judgment?

4. Whether the district court erred in entering findings of fact, conclusions of law and judgment in plaintiff's favor on particular claims when there were no pleadings to support such findings, conclusions and judgment?

5. Whether the district court erred in its rulings on the admissibility of the following evidence:

a) Admitting into evidence a letter from plaintiff's counsel to defendants' counsel which specified the alleged damages and their respective estimated monetary worth.

b) Allowing plaintiff's testimony adopting the estimates embodied in the letter.

c) Admitting into evidence a copy of a written estimate of damages when the preparer of the estimate was not present in court during the trial.

d) Allowing plaintiff's testimony adopting the written

estimate of damages.

e) Allowing plaintiff to testify to an estimate of damages, the estimate was in the form of an out-of-court oral statement by a third party, and allowing plaintiff's testimony adopting the estimate.

f) Admitting parol evidence to alter the terms of the gravel and borrow agreements.

Defendants initially contend the district court erred in denying defendants' motion for summary judgment on the claims asserted in subsections (c), (f) and (h) of paragraph 6 of the amended complaint. Defendants' grounds for seeking summary judgment were: (1) The pleadings, answers to interrogatories and plaintiff's deposition failed to establish that the claims set forth in subsections (c), (f) and (h) were based upon any breach of an agreement or contract, but were plead in tort; (2) the alleged damages were not incurred within two years of the filing of the action; (3) the claims were barred by section 93-2607(2), R.C.M. 1947, which provides:

"Two-year limitation. Within two years:

"* * *

"2. An action for injury to or for waste or trespass on real or personal property; provided that, when the waste, trespass or injury is committed by reason of underground work upon any mining claim or seismic exploration, location, spacing, drilling, equipping, producing, or other operation related to exploration or production of oil, gas, water, geothermal, or other minerals, the cause of action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting such waste, trespass, or injury."

Defendants argue plaintiff's amended complaint, answers to defendants' interrogatories, and deposition all establish there was no genuine issue of material fact to be determined as to the claims presented in these subsections and defendants were

entitled to judgment on these claims as a matter of law. Rule 56, M.R.Civ.P., provided in pertinent part:

> "(c) * * * The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

See Harland v. Anderson, _____Mont._____, 548 P.2d 613, 33 St.Rep. 363, for a discussion of summary judgment under Rule 56, M.R.Civ.P.

The first amended complaint fails to specify the claims asserted in subsections (c), (f) and (h) are based on a contract theory of recovery. The plain meaning of the language would indicate that recovery was sought for the tortious or negligent acts of defendants. The first specific indication plaintiff sought recovery based upon a contract theory is found in plaintiff's motion to amend the amended complaint. However, these secondary amendments cannot be considered when reviewing the merits of defendants' motion for summary judgment, since they were filed subsequent to the district court's summary ruling denying defendants' motion for summary judgment.

Defendants refer to plaintiff's answers to defendants' interrogatories and the deposition of plaintiff in support of their contention the statute of limitations is a bar to the claims in subsections (c), (f) and (h). Plaintiff stated there was no contract between plaintiff and defendants for the installation of irrigation pipeline (item (c) of paragraph 6). Plaintiff's answers to defendants' interrogatories and the deposition of plaintiff established there was no contract between plaintiff and defendants upon which plaintiff could base his claim for flood damage to hay fields and the loss of hay production (items (f) and (h) of paragraph 6), but that plaintiff was seeking recovery on the theory defendants had negligently controlled the source of irrigation

waters during construction. Plaintiff's answers to defendants' interrogatories further established the damages allegedly caused by defendants occurred in May or June of 1972, more than two years prior to the filing of plaintiff's original complaint.

After a careful review of the district court record, we find the pleadings, depositions, answers to interrogatories and admissions show there was no genuine issue of material fact and defendants were entitled to judgment as a matter of law on the claims asserted in subsections (c), (f) and (h) of paragraph 6 of the amended complaint. Accordingly, the portion of the district court judgment decreeing that plaintiff recover damages in the amounts of $1,553.65 for item (c), $1,417.00 for item (f) and $3,000.00 for item (h) is vacated and the claims dismissed.

Defendants' second issue attacks the district court's granting of plaintiff's motion to amend the amended complaint on the morning of trial. Defendants contend the amendments "changed the issues to be tried from those of negligence to those of contract" and resulted in defendants having to prepare an entirely different defense.

Rule 15, M.R.Civ.P., provides:

"Rule 15. Amended and supplemental pleadings.

"(a) AMENDMENTS. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders." (Emphasis added.)

Defendants cite McGuire v. Nelson, 162 Mont. 37, 42, 508

P.2d 558, for the proposition a plaintiff is denied the right to amend his complaint when the amendments materially change the theory of recovery and prejudice defendant by denying defendant sufficient time for preparation of a defense. McGuire held:

> "Although Rule 15 (a) M.R.Civ.P., establishes that leave to amend shall be freely granted, amendments should not be allowed where the theory presented by the amendments is totally inapplicable to the case * * *". 162 Mont. 42

In McGuire plaintiff initially sought recovery on a negligence theory. Shortly before trial plaintiff sought to amend his complaint seeking recovery on a breach of warranty theory. This Court reversed the district court and denied plaintiff leave to amend his complaint because of the basic inconsistency between a negligence action and a breach of warranty action and the prejudice incurred by defendant as a result of the amendments.

The facts in the present action do not present a case of substantial prejudice incurred by defendants. The motion to amend the amended complaint was filed on January 19, 1976, one week prior to the date of trial, and defendants were duly notified of plaintiff's intent to amend. The effect of the amendments was to change the basis of recovery on particular claims from tort to contract. However, some of the claims had previously been plead on the theory of recovery based on contract and no additional facts or agreements between the parties were interjected by the amendments. Defendants' recourse to any prejudicial effect from the late filing of the amendments was to seek a continuance for the purpose of preparing their case. The trial record fails to disclose any motion by defendants for a continuance and the element of surprise is clearly absent. See Mitchell v. Mitchell, _____Mont._____, 545 P.2d 657, 33 St.Rep. 73.

Therefore, we hold the district court's granting of plaintiff's motion to amend the amended complaint was not an abuse of

discretion.

The third and fourth issues challenge the sufficiency of the pleadings and the evidence the district court relied upon in its findings of fact, conclusions of law and judgment. The function of this Court is to determine whether there is sufficient evidence to support the district court's findings and those findings will not be set aside unless there is a clear preponderance of evidence against them. Crncevich v. Georgetown Recreation Corp., 168 Mont. 113, 541 P.2d 56, 32 St.Rep. 963; Cope v. Cope, 158 Mont. 388, 493 P.2d 336. The judgment of the district court must be sustained if substantial evidence, viewed in the light of a theory found in the pleadings, supports the judgment. Hagerty v. Hall, 135 Mont. 276, 340 P.2d 147; State ex rel. Bottomly v. Johnson, 116 Mont. 483, 154 P.2d 262.

Defendants contend the district court erred when it based its findings of fact, conclusions of law and judgment for the claims asserted in subsections (a), (d), (e) and (g) on breach of implied contracts, express contracts and third-party beneficiary contracts. Defendants argue (1) the bases for recovery relied upon by the district court were not plead by plaintiff, and (2) the district court erred when it allowed plaintiff to recover on the concurrent bases of breach of implied and express contracts.

We note the effect of the amendments to the amended complaint was to conform the basis for recovery on items (a) and (g) to that of items (d) and (e) previously plead in contract. We find no deficiency in the final amendments which would deny recovery on the grounds of a failure to plead recovery in contract. Furthermore, there is no clear preponderance of evidence conflicting with the district court's findings of fact, conclusions of law and judgment on these items. Plaintiff testified as to the value of his real and personal property, before and after the alleged

-11-

damages. These are facts within plaintiff's knowledge and are clearly admissible testimony. Dooling v. Bright-Holland Co., 152 Mont. 267, 448 P.2d 749. Estimates of damage repair costs, prepared by third parties, were likewise submitted to the district court in support of the award.

Defendants' fifth issue challenges the district court's rulings on the admissibility of evidence. Our discussion is premised upon defendants having made timely and specific objections to each item of evidence raised on review.

The first item of admitted evidence which defendants object to is the letter from plaintiff's counsel to defendants' counsel which specified the alleged damages and their respective estimated monetary worth. Defendants also object to plaintiff's testimony adopting the written estimate of damages embodied in the letter. Plaintiff's counsel offered the letter into evidence on the grounds the letter represented a list of estimated damages, prepared by plaintiff with the aid of plaintiff's son, an engineer, and sub-mitted to plaintiff's counsel who transferred the computations to the letter dated March 21, 1975 and mailed to defendants' counsel.

Although defendants' counsel cross-examined plaintiff on the subject of the estimate of damages embodied in the letter, defendants failed to introduce any evidence rebutting either the authenticity or the materiality of the computations. Plaintiff may testify as to the value of his real and personal property, before and after the alleged damages as these are facts within plaintiff's knowledge. We fail to find defendants were substantially prejudiced when the district court admitted the letter into evidence.

The second item of evidence admitted by the district court and challenged by defendants is a copy of a written estimate for the repair and replacement of irrigation pipeline. This estimate pertains to item (c) of the amended complaint and our holding vacating

-12-

the portion of the district court judgment decreeing that plaintiff recover damages for item (c) renders any further discussion in that area moot.

The third item of evidence admitted by the district court and objected to by defendants is plaintiff's testimony adopting a third party's out-of-court oral statement estimating damages as to item (d), defendants' alleged failure to gravel plaintiff's ditch road. Plaintiff testified he based his estimate of damages upon an estimate computed by Eugene Camel, an engineer for Montana Department of Highways. Mr. Camel testified during the course of the trial, subsequent to plaintiff's testimony, and defendants were afforded sufficient opportunity to examine the witness. Defendants failed to examine Mr. Camel on this subject and failed to introduce evidence contradicting plaintiff's testimony. We find no error in the district court's ruling admitting this testimony.

The last item of evidence objected to by defendants is purported parol evidence, in the form of oral statements made by third parties and admitted into evidence through plaintiff's testimony. Defendants contend the oral statements altered the terms of the gravel and borrow agreements and these "varied terms" were the basis for the district court allowing plaintiff to recover on items (a) and (g) of paragraph 6 of the amended complaint. Upon reviewing the transcript of the trial proceedings, in particular those sections cited in appellants' brief, we note the absence of any specific objection on the grounds the evidence introduced violates the provisions of the parol evidence rule. This Court has repeatedly held that claimed error must be raised in the district court and may not be urged for the first time on appeal. Pickett v. Kyger, 151 Mont. 87, 439 P.2d 57; Bower v. Tebbs, 132 Mont. 146, 314 P.2d 731.

We hold that portion of the district court judgment decreeing that plaintiff recover damages in the amounts of $1,553.65 for item (c); $1,417.00 for item (f); and $3,000.00 for item (h) is vacated and the claims dismissed.  The balance of the district court judgment is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

-14-