No. 14540

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

EDWARD G. STOUT and
BONITA L. STOUT,

        Plaintiffs and Respondents,

-vs-

HERMAN REITER and DOREEN O. REITER,

        Defendants and Appellants.

---

Appeal from: District Court of the Thirteenth Judicial District,
Honorable Robert Wilson, Judge presiding.

Counsel of Record:

    For Appellants:

        Mouat and Martinson, Billings, Montana
        William G. Moat argued, Billings, Montana

    For Respondents:

        Moulton, Bellingham, Longo and Mather, Billings, Montana
        R. H. Bellingham argued, Billings, Montana
        Morrow, Sedivy and Olsen, Bozeman, Montana
        James H. Morrow argued, Bozeman, Montana

---

Submitted: March 20, 1979

Decided: MAY 30 1979

Filed: MAY 30 1979

_Thomas J. Kearney_
               Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Plaintiffs, the Stouts, brought this action in the District Court of the Thirteenth Judicial District, Yellowstone County, to enjoin defendants, the Reiters, from using certain irrigation ditches and from entering upon plaintiffs' property for the purpose of using the ditches. Defendants counterclaimed seeking to enjoin plaintiffs from interfering with defendants' right to use the ditches. The case, which was tried before the Honorable Robert H. Wilson sitting without a jury, resulted in an order perpetually enjoining defendants from using the disputed irrigation ditches. Defendants appeal from the District Court's order.

The case arose because of a disagreement over the meaning of the language used in a warranty deed to reserve an easement for defendants when they sold a parcel of land to plaintiffs' predecessors. The disputed language reads:

> ". . . reserving an easement 8 feet in width
> for the irrigation ditch, as now located,
> running from the Yellowstone River on the
> West to the East line of said tract for the
> purpose of irrigating property owned by the
> parties of the first part lying to the North
> and East of said tract . . ."

In 1965 the land presently owned by plaintiffs and defendants was entirely owned by Leland McMorris. At that time, William Neibauer, a realtor, effected an agreement whereby defendants purchased the entire tract from McMorris and simultaneously sold a fifteen acre parcel, subject to the reservation of certain easements, to Donald and Grace Underwood by a contract for deed. The fifteen acre parcel, now described as Tract 1, Certificate of Survey #991, is located along the Yellowstone River and contains a number of irrigation ditches which have been used since 1965 to irrigate defendants' adjoining property.



YELLOWSTONE RIVER

DEFENDANT'S PROPERTY

FILLED IN DITCH

X— PUMP

TRACT 1
CERTIFICATE OF SURVEY #991

The pump shown in this diagram of the fifteen acre parcel is located in a channel of the river and pumps water into the entire ditch system.

At the time defendants sold the fifteen acre tract to the Underwoods, there was a ditch running directly from the pump to the eastern boundary of the tract. Shortly after the Underwoods and defendants completed their transaction, this ditch was plowed under and a new ditch was dug to the south. It now forms the southern portion of Ditch No. 6.

In essence, defendants present two issues for review:

1. Whether there is substantial evidence to support the District Court's order enjoining defendants from using a certain irrigation ditch with connecting laterals, easements for which are claimed by defendants to have been reserved in them in a contract for deed and warranty deed.

2. Whether the District Court had authority to grant an injunction in a case of disputed title or right before determination of the title or right in an action at law.

Counsel for the Yellowstone County Farm Bureau and the Montana Farm Bureau Federation appeared on appeal as amicus curiae arguing that the primary issue on appeal should be whether defendants own the ditch rights as they existed at the time of their fifteen acre transaction with plaintiffs' predecessor.

Addressing this latter argument first, we note that the argument assumes that prior to 1965 the ditch system constituted a servitude upon the fifteen acre parcel and an appurtenance to the land now owned by defendants. Along these lines, section 67-601, R.C.M. 1947, now section 70-17-101 MCA, provides in pertinent part:

> "The following land burdens, or servitudes upon land, may be attached to other land as incidents or appurtenances, and are then called easements:
>
> ". . .
>
> "(11) The right of having water flow without diminution or disturbance of any kind."

However, section 67-611, R.C.M. 1947, now section 70-17-111 MCA, provides in pertinent part that:

"A servitude is extinguished:

"1. By the vesting of the right to the servitude and the right to the servient tenement in the same person;"

It is apparent, then, that the ditch system could not have been an appurtenance to defendants' land prior to 1965 because the dominant and servient tenements were part of the same parcel. The easement in this case was created at the time the parcels were separated, and we must look to the language of the instrument which created the easement to determine what it includes.

The complete reservation found in the warranty deed reads as follows:

". . . reserving, however, to the parties of the first part, their heirs and assigns, an easement 30 feet in width for a roadway, as the same now exists, running North and South approximately through the middle of the said tract for the purpose of access to property owned by the parties of the first part lying to the North of said tract; and reserving an easement 8 feet in width for the irrigation ditch, as now located, running from the Yellowstone River on the West to the East line of said tract for the purpose of irrigating property owned by the parties of the first part lying to the North and East of said tract; and also reserving an easement for the location of the pump which pumps the water from the Yellowstone River into said ditch and for ingress and egress thereto as necessary and for servicing and repairs, also known as Tract No. 1 of Certificate of Survey No. 991." (Emphasis added.)

Defendants argue that the ditch referred to in the warranty deed and the contract for deed is the ditch running north and south. They argue that this is a main ditch or "dike" ditch and that the term "ditch" as used in the deed includes the entire ditch system, including the lateral ditches. In proposing this interpretation, they seek to

-5-

place great significance on the phrase "for the purpose of irrigating property owned by the parties of the first part lying to the North and East of said tract." They contend that the one ditch, now plowed under, would not be sufficient to irrigate all of defendants' land.

Testimony adduced at trial suggests, and the trial court found, that defendants sold the land with the apparent intention of building a new north/south ditch on their property which would have been fed by the ditch they expressly reserved. They postponed building a new ditch because they received permission to use the entire ditch system from the Underwoods in return for irrigating the Underwoods' property. "This Court will not reverse the findings of the trial court unless there is a clear preponderance of the evidence against such findings." Schulz v. Peake (1978), ____ Mont. ____, 583 P.2d 425, 430, 35 St.Rep. 1295, 1302. Here the trial court's findings are adequately supported by the evidence.

Since the issue concerning the appropriateness of the remedy or the theory on which the case was tried was not raised in the lower court, it should not be considered on appeal. Kearns v. McIntyre Const. Co. (1977), ____ Mont. ___, 567 P.2d 433, 440, 34 St.Rep. 703, 712. Defendants acquiesced to the injunction theory by counterclaiming for an injunction and reformation of the contract. The District Court decided the issues on the theory adopted by both parties. ". . . [W]hen a party has adopted one theory upon the trial of his case, he may not change the theory on

appeal.   (Citation omitted.)" O'Hanlon v. Ruby Gulch Min. Co. (1922), 64 Mont. 318, 326, 209 P. 1062, 1064.

The judgment of the District Court is affirmed.


_____
                Justice


We concur:

_____

_____

_____
Justices

_____
Honorable Diane G. Barz, District
Judge, sitting in place of Mr.
Chief Justice Haswell.