No. 14385

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

ROBERT WOLFE and FRANCIS WOLFE,
his wife, d/b/a THE MINT BAR,

      Plaintiffs and Appellants,

   -vs-

SCHULZ REFRIGERATION,

      Defendants and Respondents.

---

Appeal from:  District Court of the Fourth Judicial District,
            Honorable Edward Dussault, Judge presiding.

Counsel of Record:

    For Appellants:

        Morrison Law Firm, Missoula, Montana
        Joan Jonkel argued, Missoula, Montana

    For Respondents:

        Boone, Karlberg & Haddon, Missoula, Montana
        Sam Haddon argued, Missoula, Montana

---

                Submitted:  September 19, 1979

                   Decided:

Filed:

_Thomas J. Kearney_
                  Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This appeal is taken by the plaintiffs from the District Court's denial of plaintiffs' motion for a new trial following a jury verdict for defendant. The plaintiffs are the owners and operators of the Mint Bar in Polson, Montana. Plaintiffs purchased the bar in February 1969 and managed it as a partnership until it was destroyed by fire on December 5, 1974. The fire originated in a small storage room where cleaning materials were kept and in which a time clock device was located. The time clock served to regulate the flow of electricity to the beer cooler to periodically defrost it.

Defendant owns and operates a refrigeration sales and service business in Polson. Defendant's employee replaced the time clock mechanism in plaintiffs' bar on August 11, 1973. This replacement required no electrical wiring and consisted solely of attaching four wires already in place to terminals provided in the time clock mechanism. At the time of the original installation, the wires from the circuit breaker box to the time clock were not placed in conduit pipe. Defendant contends that at the time of replacement he pointed out the dangers of the unencased wiring to plaintiffs, but plaintiffs deny that this occurred. The absence of conduit eventually allowed the insulation on the wires to be worn away as a result of either vibration caused by a compressor unit or by cleaning materials, such as mops and brooms, rubbing against the wires. With no protective covering on the wires, the current arced which, in turn, caused the fire.

Plaintiffs entered into a contract for fire insurance with Transamerica Insurance in February 1974. As a condition for maintaining plaintiffs as its insureds, Transamerica conducted a fire inspection of the premises on March 1, 1974. The inspection report described the electrical system as "romex with circuit breakers and it appears to be in good condition."

Plaintiffs brought an action for negligence against defendant to recover damages caused by the fire. Defendant sought to prove that plaintiffs were contributorily negligent by failing to remedy the dangerous condition of the wiring. At the close of trial, the District Court read several instructions to the jury. Among the instructions given were Instruction Nos. 17 and 23 to which plaintiffs objected. Instruction No. 17 stated:

> "Failure on the part of either Plaintiff to locate or recognize a dangerous condition on the premises of the Mint Bar is in law a form of contributory negligence on the part of the Plaintiffs if such failure is a proximate cause of the damages complained of."

Instruction No. 23 stated:

> "If you find from the evidence that Transamerica Insurance Company, in undertaking to inspect the premises and to locate and eliminate any fire hazards present, acted on behalf of its insureds, Robert Wolfe and Frances Wolfe, such acts of Transamerica are imputed to its insureds, Robert Wolfe and Frances Wolfe."

The jury returned a verdict for defendant. Plaintiffs filed a motion for a new trial after the verdict was rendered, contending that the trial court committed reversible error in instructing the jury. The trial court denied the motion for a new trial and plaintiffs appealed. In particular, plaintiffs challenge jury instructions on the issues of contributory negligence and agency as being erroneous statements of the law.

Two issues are presented to this Court on appeal:

1. Did the District Court commit reversible error in giving a jury instruction which stated that failure on the part of plaintiffs to <u>locate</u> <u>or</u> <u>recognize</u> a dangerous condition on their premises was contributory negligence if such failure was a proximate cause of the damages?

2. Did the District Court commit reversible error in giving a jury instruction which stated that the acts of a party were imputed to the plaintiffs if the party acted on behalf of the plaintiffs where there was insufficient evidence introduced at the trial regarding the elements of agency?

This Court has had several occasions to consider the subject of alleged error in jury instructions. We have previously held that a party has the duty of raising his objection to the instruction at the time of trial or the opportunity is lost. Roberts Realty Corp. v. City of Great Falls (1972), 160 Mont. 144, 154, 500 P.2d 956, 962. Objections to instructions not raised in the trial court cannot be raised for the first time on appeal. Seder v. Kiewit Sons' Co. (1971), 156 Mont. 322, 330, 479 P.2d 448, 452. We have also required a party to state his ground for an objection with specificity. Pickett v. Kyger (1968), 151 Mont. 87, 96, 439 P.2d 57, 62; Kearns v. McIntyre Const. Co. (1977), ____ Mont. ____, 567 P.2d 433, 440, 34 St.Rep. 703, 712.

Rule 51, M.R.Civ.P., provides in pertinent part:

"Objections made shall specify and state the particular grounds on which the instruction is objected to and it shall not be sufficient in stating the ground of such objection to state generally the instruction does not state the law or is against the law, but such ground of objec-

tion shall specify particularly where the instruction is insufficient or does not state the law, or what particular clause therein is objected to."

Finally, we have determined that, where error is alleged in a particular instruction, a reviewing court shall consider the instructions in their entirety. In Brothers v. Town of Virginia City (1976), 171 Mont. 352, 359, 558 P.2d 464, 468, we stated:

"When determining whether jury instructions were properly given or refused the reviewing court considers the instructions in their entirety. Furthermore, the instructions are read in connection with other instructions given and they are considered in light of the evidence adduced. (Citation omitted.) Where the instructions to the jury in their entirety state the law applicable to the case, a party cannot claim reversible error as to the giving or denying of certain instructions. (Citation omitted.)"

In this case plaintiffs contend that the giving of Instruction No. 17 constituted reversible error. Plaintiffs maintain that the instruction was an overbroad statement of the law in that it imposed a duty on the part of plaintiffs to locate or recognize all dangerous conditions on their premises. Plaintiffs contend that the instruction failed to mention that the law required no more than that of an ordinarily prudent person under the same circumstances. Plaintiffs argue that the error prejudiced their substantial rights and was not cured by the context of other instructions given.

Defendant contends that Instruction No. 17 was a proper and accurate statement of the law. If the instruction was erroneous, defendant argues that the error was cured by the context of other instructions and did not seriously affect or prejudice the substantial rights of plaintiffs.

-5-

In analyzing these arguments, our attention is first drawn to the grounds upon which plaintiffs objected to the instruction at trial. There, plaintiffs stated:

> "Plaintiffs object . . . on the basis that it implies that plaintiffs are able to locate and recognize the dangerous condition. The evidence uncontroverted before the Court in the case is that neither plaintiff was informed of the dangerous condition, or that they recognized the dangerous condition, and it is not subject to claim of contributory negligence and not a proper instruction . . . also object on the basis that it places a burden upon plaintiffs Wolfes which is a burden which, under the facts of this case, the law does not require them to assume."

In essence, plaintiffs' objection was that Instruction No. 17 placed a higher duty on plaintiffs than that fixed by law. This Court has previously questioned the sufficiency of the specificity of this objection in a similar case. In LeCompte v. Wardell (1959), 134 Mont. 490, 498, 333 P.2d 1028, 1033, we stated:

> "Defendants contend that the court erred in giving instructions No. 26 and 28 over their objection. These instructions in effect made defendants liable for a want of care toward plaintiff if they knew or in the exercise of reasonable care should have known that plaintiff was present on defendants' property. The only objection to these instructions was that they placed a higher duty upon defendants than that fixed by law. Whether this objection was sufficiently specific . . . is doubtful."

Assuming for the purposes of argument that the objection was sufficiently specific, we think that the instruction was in fact erroneous. Where the law of contributory negligence requires that a party act as an ordinarily prudent person under the circumstances, Stenberg v. Beatrice Foods (1978), ____ Mont. ____, 576 P.2d 725, 727, 35 St.Rep. 294, 296, the instruction does not temper the duty owed with the qualification that the law expects no more of a person than is reasonable.

While erroneous, however, the instruction was cured by the context of other instructions given by the trial court. The omission of the reasonable man test in Instruction No. 17 is cured by Instruction Nos. 10 and 12. See Peek v. Forbes (Colo. App. 1970), 470 P.2d 85, 88. Instruction No. 12 defines contributory negligence in terms of negligence and Instruction No. 10 defines negligence as the want of care or skill of a reasonable and prudent person under the same circumstances. The reasonable man test is therefore provided.

Instruction No. 12 stated:

"Contributory negligence is negligence on the part of a claimant which contributed as a proximate cause to his damages. A person who is contributorily negligent cannot recover for any damages sustained by him."

Instruction No. 10 stated in pertinent part:

". . . negligence means want of such ordinary care or skill. Such want of ordinary care or skill exists when there is a failure to do that which a reasonable and prudent person would ordinarily have done under the circumstances of the situation, or doing what such person under the existing circumstances would not have done."

We hold, therefore, that the trial court's giving of Instruction No. 17 did not constitute reversible error.

Plaintiffs' second issue concerns whether the giving of Instruction No. 23 was reversible error. Plaintiffs argue on appeal that the instruction was erroneous because it failed to require the jury to first establish an agency relationship before applying the instruction and because it failed to define what constitutes an agency relationship. In essence, plaintiffs' argument is that the instruction is incomplete.

Instruction No. 23 essentially asked the jury, by employing the principles of agency, to impute the acts of Trans-

america to plaintiffs Wolfe. In this way, contributory negligence could be imputed to the Wolfes because Transamerica had ordered an inspection of the Mint Bar premises which revealed that the wiring was in good condition. Agency, of course, is the fiduciary relation which results in the manifestation of consent by one person that the other shall act on his behalf and adhere to his control and consent by the other so to act. Butler Mfg. Co. v. J. & L. Implement Co. (1975), 167 Mont. 519, 523, 540 P.2d 962, 965.

In reviewing the instruction, our first concern is whether there was sufficient evidence to warrant the trial court giving the instruction. Integral to any agency relationship are the elements of consent and control. With respect to the element of control, defendant introduced at the trial a report of the inspection which indicated that the fieldman, who conducted the inspection, had contacted the Wolfes before making the inspection. However, during the trial, the fieldman could not specifically remember contacting the Wolfes but testified that it was his usual business practice to do so. Concerning the element of consent, the branch manager for plaintiff Transamerica testified that, in ordering inspections, Transamerica attempts to protect three people: the company, the agent, and the insured. In this sense, he testified that Transamerica acted on behalf of the plaintiffs Wolfe. However, during redirect examination, the branch manager also admitted that the fieldman was never employed or hired by the Wolfes.

We believe that the evidence is clearly insufficient as a matter of law to warrant the giving of Instruction No. 23 and that the instruction was erroneous on this ground. Merely contacting an owner and obtaining permission to inspect his

premises is not sufficient control to establish an agency relationship. Nor can one act on behalf of another where, as in this case, a fieldman is not hired by the Wolfes to conduct an inspection and the inspection is ordered primarily for the benefit of an insurance company.

However, we believe that there are several factors which, when taken together, necessitate the affirmance of the judgment of the District Court.

First, we note that plaintiffs' grounds for objection to Instruction No. 23 appear to be different on appeal than they were at trial. Plaintiffs argue on appeal that the instruction is incomplete; it fails to require the jury to first establish an agency relationship before applying the instruction and it fails to define what constitutes an agency relationship. Plaintiffs' objection at trial, however, was that the instruction was unsupported by the evidence. At the trial plaintiffs stated:

> "Plaintiffs object . . . on behalf of Trans-
> america particularly. Again, it's an assump-
> tion that the evidence does not support, be-
> cause it implies that Transamerica has a duty
> to somebody when they make an inspection which
> creates a legal obligation on the part of
> Transamerica, which the law does not recognize,
> and, as such, it is not a correct statement of
> the law and very prejudicial to Plaintiff
> Transamerica in this case."

The objection that the instruction "is not a correct statement of the law" is not a sufficiently specific and sustainable objection. Rule 51, M.R.Civ.P. Where the ground of the objection is different, objections cannot be raised for the first time on appeal. Seder v. Kiewit Sons' Co., supra; Pickett v. Kyger, supra; Kearns v. McIntyre Const. Co., supra.

-9-

Secondly, we note that plaintiffs Wolfe failed to specifically object to Instruction No. 23 at the trial level. Rather, the record discloses that counsel for plaintiff Transamerica made the only formal objection. Although the record is not entirely clear whether the trial court permitted plaintiffs to make their objections jointly or independently, we believe that a party has some responsibility to assert his objection at the trial level if he wishes to raise it on appeal.

Third, we also believe that, where a party considers an instruction incomplete, as is the case here, it has some responsibility to request and provide the trial court with an instruction that properly covers the situation. Patania v. Silverstone (1966), 3 Ariz.App. 424, 415 P.2d 139. Here, plaintiffs wish to assert error on the basis of an instruction being incomplete, yet no attempt or request was made to provide an instruction which covered the issue in question.

Finally, we believe that the verdict was supported by the evidence and that, if the case were tried again, the same verdict would be rendered. If the judgment is one which could be properly rendered consistent with the evidence and law of the case, error in instructions is not reversible.

> "One test that has been frequently held determinative of the prejudicial character of error in instructions is the correctness of the result. If that is correct, the error is not reversible." Westinghouse Electric Elevator Co. v. LaSalle Monroe Bldg. Corporation (1945), 326 Ill.App. 598, 63 N.E.2d 411, 416.

We hold, therefore, that there is no reversible error in the record and affirm the judgment of the District Court.

John Conway Harrison
Justice

-10-

We concur:

_____
      Chief Justice

_____

_____
      Justices

Mr. Chief Justice Haswell, dissenting:

I would hold that the giving of instructions 17 and 23 constitutes reversible error entitling plaintiffs to a new trial.

The majority correctly hold that the giving of each of these instructions is error. I part with the majority in holding these errors harmless, however. In my view the errors affect the substantial rights of the plaintiffs and cannot qualify as harmless errors. Rule 14, M.R.App.Civ.P.

Instruction 17 flatly and unequivocally told the jury that failure of either plaintiff to locate or recognize the dangerous condition is contributory negligence. In my opinion the omission of the reasonable man standard is not cured by Instruction 10 defining negligence in terms of this test. The two instructions are contradictory in my judgment. Who can say with reasonable certainty which instruction the jury followed in arriving at its verdict?

But the fundamental error was the giving of instruction 23. As stated by the majority, this instruction asked the jury, by employing agency principles, to impute the acts of Transamerica to plaintiffs. In this way contributory negligence could be imputed to plaintiffs because Transamerica had ordered an inspection of the Mint Bar premises which revealed the wiring was in good condition. The majority hold the error harmless because of supposed defects in plaintiffs' objection to the instruction at the trial and because the same result would be reached if the case were tried again.

Plaintiffs did object to the instruction at the trial on valid grounds that should have been sustained, specifically that the evidence did not support giving the instruction. The majority hold the evidence is clearly insufficient as a matter of law to warrant the giving of this instruction. I find no basis for requiring the plaintiffs to provide the trial court with an instruction

that properly covers the situation as held by the majority.  This was defendant's instruction and the responsibility was on the defendant to offer an instruction correctly stating the law. More importantly, how could plaintiffs or anyone else offer a correct instruction on imputed negligence arising from an agency relationship where the evidence was insufficient to establish an agency?

Finally to justify the giving of an erroneous instruction on the ground that if the case was tried again, the same result would be reached requires a clairvoyance possessed by few appellate judges.  In my view, predicting the result on retrial is pure speculation.

Here the error cannot be harmless.  A verdict for the defendant could have been reached by imputing the negligence of Transamerica to the plaintiffs.  The substantial rights of the plaintiffs were thus compromised by the erroneous jury instruction defeating the harmless error test in Rule 14, M.R.App.Civ.P.

_____
Chief Justice


Mr. Justice Daniel J. Shea dissents and will file a written dissent later.