JUSTICE SHEEHY,
dissenting:
There are points made in the petition for rehearing in this cause that raise substantial questions of law, and deserve more than summary rejection. I will point out two of these.
The petition for rehearing points out that the majority of this Court, sitting in place of the jury, made the following principal factual determinations:
(1) Finstad was not fired, he voluntarily quit.
(2) Finstad made absolutely no attempt to get his job back.
(3) Finstad would not move to Butte.
With regard to those issues of fact, found adversely to MPC by the jury, the court gave instruction offered by MPC as follows:
“Defendant claims that plaintiffs voluntary acts lead to his termination. The defendant has the burden of proving this defense. As to this defense, the defendant has the burden of proving the following:
“(1) That the plaintiff had the opportunity to transfer to Butte, but that he refused to do so.
*36 “(2) That plaintiff’s refusal to move to Butte when requested was the cause of plaintiff’s termination.
“If defendant proves these facts, then there has been no breach of the covenant of good faith and fair dealing and plaintiff is entitled to no recovery.”
Clearly, the jury, through its verdict in this case, found that Finstad never refused to move to Butte, and that this was not the cause of his termination, but that he was fired. It is in the face of that clear instruction, and the clear result by the jury that the majority has made its determinations of fact which are set out above. There has not been in the history of this Court a more clear usurpation of the use of the jury function to determine the facts.
A second point raised by the petition for rehearing and not discussed by the court is what effect should be given to a denial of a new trial by the district judge who tried the case or the alternative motion for judgment notwithstanding the verdict, which motions the District Court denied.
A motion for new trial based on insufficiency of the evidence to support the jury verdict, or the alternative motion for judgment notwithstanding the verdict places before the District Court the very question faced by this Court on appeal as to the sufficiency of the evidence to sustain the jury verdict. In this case, the District Court, having heard all of the evidence, observed the witnesses, and after the jury verdict was returned, denied the motions for new trial and for a judgment notwithstanding the verdict. What effect should this Court give to that decision of the District Court?
With respect to motions for new trial, we have said:
“The District Court has broad discretion to grant or deny motions for new trial and his rulings will not be disturbed on review in the absence of a clear showing of manifest abuse of discretion.” Brothers v. Town of Virginia City (1976), 171 Mont. 352, 558 P.2d 464, 467; Gunderson v. Brewster (1970), 154 Mont. 405, 466 P.2d 589, 593. In spite of the denial of these post-trial motions by the District Court, the majority of this Court, without hearing the testimony of a single witness, or observing the demeanor of a single witness, based on its “factual” review of the evidence, set aside the jury verdict. It is true, as the petitioner for rehearing contends, that this Court, on its own motion, ordered a judgment notwithstanding the verdict in favor of MPC.
These arguments, as well as those raised in our dissent, show that from any legal viewpoint or approach, essentially this Court has no *37 business sitting as a jury when issues of fact have been decided in the District Court. Unfortunately, in this matter, the resolve of the majority is implacable.