No. 87-437

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

ALEX WEINGART, JR., Individually and
as Personal Representative for
RITA WEINGART, deceased, and
NORMA J. WEINGART,
          Plaintiffs and Appellants,

          -vs-

C & W TAYLOR PARTNERSHIP, CHARLES
R. TAYLOR, WYMAN D. TAYLOR, J. ANTHONY
DEDE, M.D., ROBERT McCROSKEY, M.D. and
JENNIE OSTLER,
          Defendants and Respondents.

FILED

APR 11 1991

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Tenth Judicial District,
               In and for the County of Fergus,
               The Honorable Peter L. Rapkoch, Judge presiding.


COUNSEL OF RECORD:

          For Appellants:

               Robert L. Johnson, Attorney at Law, Lewistown,
               Montana

          For Respondents:

               Keith A. Maristuen; Bosch, Kuhr, Dugdale, Warner,
               Martin & Kaze, Havre, Montana (for Respondent
               McCroskey)

               J. Michael Young, Attorney at Law, Great Falls,
               Montana (for Respondents W.D. Taylor, C & W
               Partnership and C.R. Taylor)

               Carl A. Hatch, Attorney at Law, Helena, Montana (for
               Respondent Ostler)


                         Submitted on Briefs:  December 13, 1990

                                 Decided:  April 11, 1991

Filed:

_____
             Clerk

Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Alex Weingart, Jr., individually and as personal representative for Rita Weingart, deceased, and Norma J. Weingart appeal from a decision of the District Court of the Tenth Judicial District, Fergus County, Montana, granting summary judgment to respondents, J. Anthony Dede, M.D., Robert McCroskey, M.D., and Jennie Ostler on the ground that they were not personally liable to the Weingarts on a contract for deed. We affirm.

The sole issue is whether the District Court erred in granting summary judgment to respondents for breach of the contract between appellants as sellers and Charles R. Taylor and Wyman D. Taylor as buyers, to purchase appellants' ranch. Appellants argued that respondents, J. Anthony Dede, M.D., Robert McCroskey, M.D., and Jennie Ostler, were personally liable to appellants on one or more of three theories: first, a general partnership; second, a joint venture; and third, an agency.

Brothers Charles W. Taylor and Wyman D. Taylor formed the C & W Taylor partnership to purchase the Weingart ranch. Respondents, J. Anthony Dede, M.D., Robert McCroskey, M.D., and Jennie Ostler, contributed $55,000 each "to enable Charles R. Taylor and Wyman D. Taylor to purchase the ranch lands" on or

before December 18, 1981, and signed the "Agreement To Share General Partner Interest."

This agreement was created in advance of formation of a limited partnership to make the purchase of the Weingart ranch possible. The agreement provided that Charles Taylor and Wyman Taylor would buy the ranch "with the intent to transfer said land to a limited partnership to be known as C & W Limited partnership, whereunder they [Charles Taylor and Wyman Taylor] would become the general partners and managing partners." The agreement noted that the "limited partnership agreement has not been effectuated."

The limited partnership was not formed before the next installment on the ranch became due May 20, 1982. C & W Taylor could not raise the additional capital to make the payment, and the Weingarts served notice of default upon C & W Taylor on June 21, 1982. The Weingarts closed the escrow and removed the documents from the escrow file. C & W Taylor strongly argued that it had 120 days, as provided in the contract, to cure default by making payment.

When the second installment due under the land sale contract was not made, Charles Taylor contacted the Weingarts and negotiated what C & W Taylor believed was a termination of the land sale contract on September 20, 1982. The terms of the agreement were alleged to be (1) forfeit of the $210,000 initial payment to the Weingarts; and (2) reinvestment of title

3

and interest in the ranch to the Weingarts by executing and delivering a quit claim deed and bill of sale and reassigning all BLM leases to the Weingarts.

The Weingarts brought this action for specific performance or damages against C & W Taylor as the buyer designated in the contract for deed, and respondents J. Anthony Dede, M.D., Robert McCroskey, M.D., and Jennie Ostler, alleged to be vicariously liable.

The action was delayed by bankruptcy proceedings involving McCroskey and by resolution of another suit related to this transaction. See Taylor v. Weingart (1984), 214 Mont. 282, 693 P.2d 1231. All parties moved for summary judgment. On September 10, 1987, the District Court granted summary judgment in favor of respondents. The District Court denied partial summary judgment to the Weingarts and denied summary judgment to C & W Taylor on the ground that genuine issues of material fact existed between them. From the grant of summary judgment to respondents, the Weingarts appeal.

The Weingarts maintain that the District Court erred in granting summary judgment to respondents because respondents, as either undisclosed partners, undisclosed joint venturers, or undisclosed principals, were personally liable on the contract of sale between the Weingarts and C & W Taylor.

Respondents contend that as investors, rather than partners, joint venturers, or principals, they were not liable on the

4

contract of sale.

Summary judgment is proper where no genuine issue of any material fact exists and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P.; First Security Bank of Bozeman v. Jones (1990), 243 Mont. 301, 303, 794 P.2d 679, 681. Since the facts are undisputed, the issues are matters of law and summary judgment is appropriate.

<u>Partnership</u>

A partnership is defined as "an association of two or more persons to carry on as co-owners a business for profit." Section 35-10-201, MCA. To determine existence of a partnership four requirements must be met: (1) the parties must clearly manifest their intent to associate themselves in a partnership relationship; (2) each party must contribute something that promotes the enterprise; (3) each party must have a right of mutual control over the subject matter of the enterprise; and (4) the parties must agree to share profits. Montana Bank of Red Lodge, N.A. v. Lightfield (1989), 237 Mont. 41, 45, 771 P.2d 571, 574; Bender v. Bender (1965), 144 Mont. 470, 480, 397 P.2d 957, 962.

The Agreement to Share General Partner Interest states the clear intent by respondents to eventually become limited partners and nowhere shows they had any right of mutual control over the Weingart ranch, either in management of the ranch itself or in control of the ranch as an investment. Without

5

a showing of that control, the third requirement to establish a partnership was not fulfilled. Therefore, respondents were not general partners of C & W Taylor and could not be liable on the contract for deed. The District Court did not err in concluding that respondents were not general partners.

## Joint Venturers

To qualify as joint venturers four elements must be met: (1) an express or implied agreement or contract creating the joint venture; (2) a common purpose among the parties; (3) community of interest; and (4) an equal right of control of the venture. Papp v. Rocky Mountain Oil & Minerals (1989), 236 Mont. 330, 342; 769 P.2d 1249, 1257. Although management may be delegated to one joint venturer while the others retain the right of control, Murphy v. Redland (1978), 178 Mont. 296, 583 P.2d 1049, it must be an equal right of control. Here the respondents did not have an equal right of control of the venture. Therefore, the court did not err in concluding that respondents were not joint venturers with Charles and Wyman Taylor.

## Principal/Agent

The appellants next contend that the Agreement to Share General Partnership Interest created an agency relationship to allow the Taylors to acquire the Weingart ranch for the mutual benefit of the five investors and that respondents were undisclosed principals.

6

An agent is "one who represents another, called the principal, in dealings with third persons." Section 28-10-101, MCA. "'Agency is the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf <u>and subject to his control</u>.'" Koch v. Yellowstone County (1990), 243 Mont. 447, 453, 795 P.2d 454, 458 (quoting <u>Restatement (Second) of Agency</u> § 1 (1957)); Wolfe v. Schulz Refrigeration (1979), 188 Mont. 511, 517, 614 P.2d 1015, 1018. An agency relationship did not exist between the Taylors and respondents because the Taylors were not subject to respondents' control. Although respondents supplied capital, the Taylors did not represent respondents in dealing with the Weingarts. As we determined above, respondents were not general partners of C & W Taylor. The Land Sale Contract is between the Weingarts and "Charles R. Taylor and Wyman Taylor, co-partners, doing business as C & W Taylor Partnership." The court did not err in concluding that respondents were not joint venturers with Charles and Wyman Taylor.

The judgment of the District Court is affirmed.

<br>

_____
Justice

We concur:

_____
Chief Justice

_____

7

_____

_____

_____
                    Justices

Justice John C. Sheehy did not participate in this decision.